UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

**PETER J. FORSMAN,**

        *Plaintiff,*

**v.**

**BOROUGH OF FAIR HAVEN, JESSE DYKSTRA, JOSEPH MCGOVERN, BOROUGH OF LITTLE SILVER, SCOTT LORENSEN, DANIEL SHAFFERY, JOHN DOES 1-10,**

        *Defendants.*

CIVIL ACTION NO:

**Filed Electronically**

VERIFIED COMPLAINT
AND JURY DEMAND

---

Plaintiff, Peter J. Forsman, by and through his undersigned attorneys, alleges:

## LOCAL CIVIL RULE 10.1 STATEMENT

1. Pursuant to Local Rule 10.1, the names and mailing addresses of all parties to this action are as follows:

Peter J. Forsman (Plaintiff)
101 Hope Road, Tinton Falls, NJ 07724

Officer Jesse Dykstra (Defendant)
Fair Haven Police Department
35 Fisk Street, Fair Haven, NJ 07704

Chief of Police Joseph McGovern (Defendant)
Fair Haven Police Department
35 Fisk Street, Fair Haven, NJ 07704

Borough of Fair Haven (Defendant)
Borough Hall, Administrator's Office
748 River Road, Fair Haven, NJ 07704

Officer Scott Lorensen (Defendant)
Little Silver Police Department
480 Prospect Avenue, Little Silver, NJ 07739

1

Chief of Police Daniel Shaffery (Defendant)
Little Silver Police Department
480 Prospect Avenue, Little Silver, NJ 07739

Borough of Little Silver (Defendant)
Borough Hall
480 Prospect Avenue, Little Silver, NJ 07739

## STATEMENT OF CLAIMS

2. Plaintiff seeks money damages and equitable relief from Defendants for violating his constitutional rights.  He also brings forward supplemental state law claims for violations of New Jersey law.

3. Plaintiff was the victim of false arrest, false imprisonment, and excessive force by Defendants Jesse Dykstra of the Fair Haven Police Department and Scott Lorensen of the Little Silver Police Department, in violation of the Fourth Amendment to the United States Constitution, and New Jersey state tort laws.

4. Plaintiff brings suit under the Federal Civil Rights Act, 42 U.S.C. § 1983, and the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2.

5. Plaintiff has served timely notice of his state law claims as required under the New Jersey Tort Claims Act, N.J.S.A. 59:8-8.

## JURISDICTION

6. This Court has jurisdiction over the claims set forth in this Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 42 U.S.C. §§ 1981, 1983 and 1988.

7. This Court has supplemental jurisdiction over the relevant state law claims pursuant to 28 U.S.C. § 1367.

8. This action arises under the United States Constitution as applied to state and/or local authorities through 42 U.S.C. § 1983.

## VENUE

9. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b), as Defendants are residents and/or political subdivisions of this state and district, and the acts or occurrences giving rise to the within claims occurred in this district.

## PARTIES

10. Defendant Police Officer Jesse Dykstra, Badge No. 1332 (hereinafter "Dykstra") was at all times relevant hereto an officer in the Fair Haven Police Department, and was responsible for upholding and enforcing the law and maintaining the peace in the Borough of Fair Haven.  At all times relevant herein, Dykstra was the arresting officer and was responsible for assaulting, harassing, and causing severe and permanent personal injury to Plaintiff as set forth in greater detail below.  Defendant Dykstra is named in both his official and individual capacities.

11. Defendant Chief of Police Joseph McGovern (hereinafter "Chief McGovern") was at all times relevant hereto the Chief of Police of the Fair Haven Police Department and was responsible for the operation and management of the police department, department personnel, and/or for the enforcement of laws within the Borough of Fair Haven pursuant to N.J.S.A. 40A:14-118, et seq., as set forth in greater detail below.  Defendant Chief McGovern is named in both his official and individual capacities.

12. Defendant Borough of Fair Haven is a municipal entity incorporated pursuant to the Municipal Laws of the State of New Jersey and at all times relevant hereto maintained a police department and had the duty to exercise its powers and authority over the police

department and to provide training, supervision and/or overall management of the Fair Haven Police Department pursuant to N.J.S.A. 40A:14-118, et seq.

13. Defendant Police Officer Scott Lorensen, Badge No. 140 (hereinafter "Lorensen") was at all times relevant hereto an officer in the Little Silver Police Department, and was responsible for upholding and enforcing the law and maintaining the peace in the Borough of Little Silver.  At all times relevant herein, Lorensen assisted the arresting officer Dykstra and was also responsible for assaulting, harassing, and causing severe and permanent personal injury to Plaintiff as set forth in greater detail below.  Defendant Lorensen is named in both his official and individual capacities.

14. Defendant Chief of Police Daniel Shaffery (hereinafter "Chief Shaffery") was at all times relevant hereto the Chief of Police of the Little Silver Police Department and was responsible for the operation and management of the police department, department personnel, and/or for the enforcement of laws within the Borough of Little Silver pursuant to N.J.S.A. 40A:14-118, et seq., as set forth in greater detail below.  Defendant Chief Shaffery is named in both his official and individual capacities.

15. Defendant Borough of Little Silver is a municipal entity incorporated pursuant to the Municipal Laws of the State of New Jersey and at all times relevant hereto maintained a police department and had the duty to exercise its powers and authority over the police department and to provide training, supervision and/or overall management of the Little Silver Police Department pursuant to N.J.S.A. 40A:14-118, et seq.

16. Defendant John Does 1-10 are fictitious persons/law enforcement officers whose identifies are unknown at this time, and at all times relevant hereto were responsible for: (1) the response, investigation and/or enforcement of the laws within the Boroughs of Fair Haven

and Little Silver, and/or (2) were responsible for the training, supervision and/or management of the Fair Haven and Little Silver officers named herein, and/or (3) were responsible for an internal affairs investigation of the officers named herein. At such time as their identities become known, this complaint will be amended to name the known persons. Defendants John Doe Officers 1-10 are named in both their official and individual capacities.

### FACTS COMMON TO ALL COUNTS

17. On May 24, 2019, Plaintiff, Peter Forsman, was a passenger in a vehicle driven by his friend, Chris Meyer. After Meyer made a right turn at the intersection of Harding Road and Rumson Road in Little Silver, which is controlled by a right turn light, he was pulled over by Officer Volker of the Fair Haven Police Department. At all relevant times, Forsman was a lawfully seated passenger in Meyer's vehicle.

18. During the stop, Meyer was asked to step out of his vehicle and perform several field sobriety tests. Following those tests, officers arrested Meyer for Driving While Intoxicated (DWI), contrary to N.J.S.A. 39:4-50.

19. Following Meyer's arrest, Dykstra approached Forsman in the passenger seat and advised him that he had to get out and find another way home, because the officers were impounding Meyer's vehicle.

20. As Forsman opened the passenger side door of the vehicle to exit — as he was instructed to do — Dykstra claimed the door struck him in the chest. A review of the MVR dashcam footage provided by the State in discovery, however, shows that Forsman merely cracked his door open before Dykstra slammed it shut on him. **See Exhibit A**.

21.  Dykstra then advised Mr. Forsman to start walking and leave the scene of Meyer's arrest. Instead of immediately walking away, Forsman asked Dykstra a question and, in response, Dykstra and Lorensen (of the Little Silver Police Department) "grabbed Forsman's wrist and pulled him closer to the stopped vehicle in order to place him in handcuffs as he was . . . being arrested for simple assault." **See** **Exhibit B**.

22. Although the alleged simple assault indisputably occurred in Little Silver, and Lorensen was on scene to assist with Meyer's DWI stop, Forsman was ultimately arrested by Dykstra and transported to Fair Haven Police Department to be booked and processed.

23. Pursuant to N.J.S.A. 40A:14-152, Dykstra did not have jurisdiction to arrest Forsman for an alleged disorderly persons offense that occurred outside of Fair Haven.

24. Forsman had a pre-existing shoulder injury that was exacerbated when Dykstra grabbed his wrist and twisted and wrenched his arm behind his back, using an unnecessary and unsanctioned compliance hold.  Dykstra also slammed the police cruiser door shut on Forsman's leg.

25. As Forsman was escorted to the police cruiser, and while he was transported to the Fair Haven Police Department for processing, he can be seen and heard screaming in agony.

26. Instead of asking Forsman if he needed medical attention, Dykstra told Forsman to "get a grip" and to "shut up."  Forsman continued to explain to Dykstra that his arms behind his back were "killing him."  Nonetheless, Dykstra ignored Forsman.

27. As Dykstra pulled into the sally port at the Fair Haven Police Department, Forsman was improperly lifted out of the cruiser by his arm, causing additional injuries to Forsman's already injured shoulder.

28. The resultant pain caused Forsman to reflexively scream out an expletive.   Notably, this took place as Forsman was in custody and being escorted into the Fair Haven Police Department, with just two officers present (Dykstra and Lagrotteria).  As a result of that involuntary expletive, Forsman was also charged with Disorderly Conduct, contrary to N.J.S.A. 2C:33-2a(1).

29. As Dykstra and Lagrotteria walked Forsman in to be processed, he explained that he had a torn labrum and that he was in severe pain.  Finally, the Fair Haven Police Department called for medical assistance and Forsman was transported to Riverview Medical Center for examination.  **See Exhibit C**.

30. On July 9, 2019, Forsman moved before the Honorable Lisa P. Thornton, A.J.S.C., in the Superior Court of New Jersey, Monmouth Vicinage, for an Order dismissing the charges against him as *de minimis*.  **See Exhibit D**.  In support of that motion, Forsman submitted the MVR videos provided to him by the Fair Haven Police Department in discovery.

31. On July 16, 2019, Assistant Prosecutor Monica do Outeiro of the Monmouth County Prosecutor's Office consented to dismissal after reviewing the charges and evidence against Forsman, including the MVR videos.  **See Exhibit E**.

32.  On July 19, 2019, Judge Thornton granted defendant's motion and dismissed the charges against Forsman in an Order and written Opinion.  In dismissing the charges, Judge Thornton held that "[t]he accidental and incidental contact with the officer by opening an automobile door when exiting a vehicle is not the harm or evil sought to be prevented by the Legislature under N.J.S.A. 2C:12-1. . . .  Also, involuntarily saying a single expletive out of pain when an individual has his shoulder put back into socket . . . is not the harm or evil sought to be prevented by the Legislature under N.J.S.A. 2C:33-2(b)."  **See Exhibit F**.

33. On August 22, 2019, following the dismissal of the charges against him, Forsman served timely Notices of Claim on both Fair Haven and Little Silver.  Those Notices of Claim were received and acknowledged by Borough employees on the same date.  **See** **Exhibit** **G**.

34. Since that time, Forsman has been receiving medical treatment for his injuries.  His torn labrum will likely require surgical intervention, and is a permanent injury.  Accordingly, Forsman's injuries satisfy the verbal threshold under the New Jersey Tort Claims Act, N.J.S.A. 59:9-2(d).

## **FIRST COUNT**

### **False Arrest/False Imprisonment**

35. Plaintiff hereby incorporates by reference each and every prior paragraph as if set forth at length herein.

36. On or about May 24, 2019, Plaintiff was a lawfully seated passenger in Meyer's vehicle when he was approached by Dykstra.  After being told to exit the vehicle and find another way home, Plaintiff opened the door to Meyer's vehicle and Dykstra claimed that the door "struck him."  The MVR video, however, shows that Plaintiff merely cracked open his door before Dykstra slams it shut on him.

37. Despite the lack of any objectively reasonable basis to believe Plaintiff had engaged in criminal conduct, Plaintiff was accosted, assaulted, and falsely arrested and imprisoned by Defendants Dykstra, Lorensen, and/or John Does 1-10.

38.  At all times relevant hereto, Defendants Dysktra, Lorensen, and/or John Does 1-10, acted without just cause and with deliberate indifference for the safety and welfare of Plaintiff, in violation of Borough and State statutes and guidelines with respect to the use of force.

39. At all times relevant hereto, Defendants Dysktra, Lorensen, and/or John Does 1-10, exercised and abused their authority as law enforcement officers, and acted in bad faith, with actual malice, and/or with wanton and willful disregard for individuals, such as Plaintiff, who foreseeably may have been harmed by their actions.

40. It was the policy and/or custom of Defendants McGovern, Shaffery, Borough of Fair Haven and Borough of Little Silver, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

41. As a result of the aggressive and unlawful actions of Defendants Dysktra, Lorensen, and/or John Does 1-10, Plaintiff was put in fear of his safety and physical wellbeing, and/or was deprived of his liberty and freedom.

42. As a direct and proximate result of the aggressive and unlawful actions of Defendants Dysktra, Lorensen, and/or John Does 1-10, Plaintiff suffered damages and/or damage to his reputation.

43. Accordingly, pursuant to N.J.S.A. 2A:15-5.11, Plaintiff hereby requests an award of punitive damages.

**WHEREFORE** Plaintiff demands judgment against Defendants McGovern, Shaffery, Dykstra, Lorensen, and/or John Does 1-10, in their individual and official capacities, the Borough of Fair Haven, and the Borough of Little Silver for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

## SECOND COUNT

### Unreasonable and Excessive Force

44. Plaintiff hereby incorporates by reference each and every prior paragraph as if set forth at length herein.

45. On or about May 24, 2019, Defendants Dykstra, Lorensen, and/or John Does 1-10, utilized unreasonable force against Plaintiff in excess of the force permitted by N.J.S.A. 2C:3-7 and otherwise violated Borough and State statutes and guidelines with respect to the use of force.

46. At all times relevant thereto, Defendants Dykstra, Lorensen, and/or John Does 1-10, utilized unreasonable force against Plaintiff in excess of the force permitted by N.J.S.A. 2C:3-7, the rules and regulations of the Fair Haven and Little Silver Police Departments, the County of Monmouth, and/or the guidelines and directives promulgated by the Attorney General of the State of New Jersey.

47. It was the policy and/or custom of Defendants McGovern, Shaffery, Borough of Fair Haven and Borough of Little Silver, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

48. As a direct and proximate result of the aggressive and unlawful actions of Defendants Dysktra, Lorensen, and/or John Does 1-10, Plaintiff suffered severe and permanent damages.

49. At all times relevant hereto, Defendants Dysktra, Lorensen, and/or John Does 1-10, exercised and abused their authority as law enforcement officers, and acted in bad faith, with actual malice, and/or with wanton and willful disregard for individuals, such as Plaintiff, who foreseeably may have been harmed by their actions.

50. Accordingly, pursuant to N.J.S.A. 2A:15-5.11, Plaintiff hereby requests an award of punitive damages.

**WHEREFORE** Plaintiff demands judgment against Defendants McGovern, Shaffery, Dykstra, Lorensen, and/or John Does 1-10, in their individual and official capacities, the Borough of Fair Haven, and the Borough of Little Silver for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

## THIRD COUNT

### Intentional Infliction of Emotional Distress

51. Plaintiff hereby incorporates by reference each and every prior paragraph as if set forth at length herein.

52. Defendants McGovern, Dykstra, Shaffery, Lorensen, and/or John Does 1-10, knew or should have known that their false arrest and use of excessive force against Plaintiff would cause Plaintiff to suffer severe emotional distress.

53. The conduct of Defendants McGovern, Dykstra, Shaffery, Lorensen, and/or John Does 1-10, in arresting and charging Plaintiff in the absence of probable cause and exerting excessive force, was extreme and outrageous under the circumstances.

54. As a direct and proximate result of the extreme and outrageous conduct of Defendants McGovern, Dykstra, Shaffery, Lorensen, and/or John Does 1-10, Plaintiff suffered severe emotional distress and damages.

55. The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.

56. It was the policy and/or custom of Defendants McGovern, Shaffery, Borough of Fair Haven and Borough of Little Silver, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

57. Said intentional infliction of emotional distress committed by Defendants McGovern, Dykstra, Shaffery, Lorensen, and/or John Does 1-10, was carried out with deliberate indifference, actual malice, and/or with a wanton and willful disregard of persons, such as Plaintiff, who foreseeably might be harmed by Defendants' actions.

58. Accordingly, pursuant to N.J.S.A. 2A:15-5.11, Plaintiff hereby requests an award of punitive damages.

**WHEREFORE** Plaintiff demands judgment against Defendants McGovern, Shaffery, Dykstra, Lorensen, and/or John Does 1-10, in their individual and official capacities, the Borough of Fair Haven, and the Borough of Little Silver for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

## <u>FOURTH COUNT</u>

### **Malicious Assault and Battery**

59. Plaintiff hereby incorporates by reference each and every prior paragraph as if set forth at length herein.

60. On May 24, 2019, Defendants Dysktra, Lorensen, and/or John Does 1-10, maliciously and intentionally assaulted and battered Plaintiff by slamming him into a parked vehicle, and twisting and wrenching his arms behind his back using an unsanctioned compliance hold.

61. Said conduct on the part of Defendants was made without instructing Plaintiff to put his hands behind his back, without Plaintiff's consent, and constituted an invasion of the plaintiff's person and dignity.

62. Defendants' malicious assault and battery of Plaintiff was carried out in violation of N.J.S.A. 2C:3-7 and otherwise violated Borough and State statutes and guidelines with respect to the use of force.

63. It was the policy and/or custom of Defendants McGovern, Shaffery, Borough of Fair Haven and Borough of Little Silver, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

64. As a direct and proximate result of the assault and battery committed upon Plaintiff by the Defendants, Plaintiff suffered severe and permanent injuries.

65. Pursuant to N.J.S.A. 2A:15-5.11, Plaintiff hereby requests an award of punitive damages.

   **WHEREFORE** Plaintiff demands judgment against Defendants McGovern, Shaffery, Dykstra, Lorensen, and/or John Does 1-10, in their individual and official capacities, the Borough of Fair Haven, and the Borough of Little Silver for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

<u>**FIFTH COUNT**</u>

**Assault and Battery**

66. Plaintiff hereby incorporates by reference each and every prior paragraph as if set forth at length herein.

67. On May 24, 2019, Defendants Dysktra, Lorensen, and/or John Does 1-10, assaulted and battered Plaintiff by slamming him into a parked vehicle, and twisting and wrenching his arms behind his back using an unsanctioned compliance hold.

68. Said conduct on the part of Defendants was made without instructing Plaintiff to put his hands behind his back, without Plaintiff's consent, and constituted an invasion of the plaintiff's person and dignity.

69. Defendants' assault and battery of Plaintiff was carried out in violation of N.J.S.A. 2C:3-7 and otherwise violated Borough and State statutes and guidelines with respect to the use of force.

70. It was the policy and/or custom of Defendants McGovern, Shaffery, Borough of Fair Haven and Borough of Little Silver, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

71. As a direct and proximate result of the assault and battery committed upon Plaintiff by the Defendants, Plaintiff suffered severe and permanent injuries.

**WHEREFORE** Plaintiff demands judgment against Defendants McGovern, Shaffery, Dykstra, Lorensen, and/or John Does 1-10, in their individual and official capacities, the Borough of Fair Haven, and the Borough of Little Silver for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

<u>**SIXTH COUNT**</u>

**Tortious Interference with Economic Advantage**

72. Plaintiff hereby incorporates by reference each and every prior paragraph as if set forth at length herein.

73. At the aforementioned time, Plaintiff was employed as a sales executive at Commvault. Plaintiff's employment is a protected interest recognized by the courts of the State of New Jersey and the federal courts of the United States.

74. Defendants McGovern, Dykstra, Shaffery, Lorensen, and/or John Does 1-10, Borough of Fair Haven and Borough of Little Silver, intentionally interfered with that protected interest by falsely arresting and imprisoning Plaintiff in the absence of probable cause.

75. The Defendants knew or should have known that the false arrest and/or false imprisonment of Plaintiff, and the publication of Plaintiff's false arrest and/or false imprisonment in local police blotters, would interfere with Plaintiff's ability to perform his job as a sales

14

executive by tarnishing his reputation among his peers and colleagues, thereby causing Plaintiff to lose wages.

76. As a direct and proximate result of the Defendants' false arrest and/or false imprisonment of Plaintiff, malicious prosecution of Plaintiff, and/or intentional infliction of emotional distress upon Plaintiff, Plaintiff suffered economic loss and/or damages.

77. It was the policy and/or custom of Defendants McGovern, Shaffery, Borough of Fair Haven and Borough of Little Silver, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

78. Pursuant to N.J.S.A. 2A:15-5.11, Plaintiff hereby requests an award of punitive damages.

**WHEREFORE** Plaintiff demands judgment against Defendants McGovern, Shaffery, Dykstra, Lorensen, and/or John Does 1-10, in their individual and official capacities, the Borough of Fair Haven, and the Borough of Little Silver, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

<u>**SEVENTH COUNT**</u>

**Negligent Training and Supervision**

79. Plaintiff hereby incorporates by reference each and every prior paragraph as if set forth at length herein.

80. Defendants McGovern, Shaffery, Borough of Fair Haven, Borough of Little Silver, and John Does 1-10, have failed to follow proper and lawful policies, procedures and/or guidelines for the use of force by allowing Dykstra and Lorensen to continue to remain as an officer in the Boroughs of Fair Haven and Little Silver without charges being brought against them, or an internal affairs investigation being conducted based upon Dykstra's and Lorensen's unlawful conduct.

81. The Defendants failed to exercise the authority vested in them as law enforcement officers, and/or negligently trained and/or supervised Defendants Dykstra, Lorensen, and John Does 1-10.

82. As a direct and proximate result of Defendants' negligent training and/or supervision of Dykstra, Lorensen, and John Does 1-10, Plaintiff suffered severe damages.

83. It was the policy and/or custom of Defendants McGovern, Shaffery, Borough of Fair Haven and Borough of Little Silver, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

84. Pursuant to N.J.S.A. 2A:15-5.11, Plaintiff hereby requests an award of punitive damages.

**WHEREFORE** Plaintiff demands judgment against Defendants McGovern, Shaffery, Dykstra, Lorensen, and/or John Does 1-10, in their individual and official capacities, the Borough of Fair Haven, and the Borough of Little Silver, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

## EIGHTH COUNT

### New Jersey Civil Rights Violations

85. Plaintiff hereby incorporates by reference each and every prior paragraph as if set forth at length herein.

86. At all relevant times herein, Defendants McGovern, Shaffery, Dykstra, Lorensen, and/or John Does 1-10, in their individual and official capacities, the Borough of Fair Haven, and the Borough of Little Silver deprived, interfered with and/or attempted to interfere with the Plaintiff's exercise and enjoyment of his substantive due process, equal protection rights, privileges and immunities guaranteed to Plaintiff under the laws and constitutions of the

United States and the State of New Jersey, in violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

87. As a direct and proximate result of Defendants' violations of Plaintiff's civil rights under N.J.S.A. 10:6-2, Plaintiff suffered damages.

88. Said civil rights violations committed by Defendants were committed with actual malice, and/or with wanton disregard of persons, such as Plaintiff, who foreseeably might be harmed by Defendants' actions.

89. It was the policy and/or custom of Defendants McGovern, Shaffery, Borough of Fair Haven and Borough of Little Silver, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

90. Pursuant to N.J.S.A. 2A:15-5.11, Plaintiff hereby requests an award of punitive damages.

**WHEREFORE** Plaintiff demands judgment against Defendants McGovern, Shaffery, Dykstra, Lorensen, and/or John Does 1-10, in their individual and official capacities, the Borough of Fair Haven, and the Borough of Little Silver, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

## NINTH COUNT

### 42 U.S.C. § 1983 Violations

91. Plaintiff hereby incorporates by reference each and every prior paragraph as if set forth at length herein.

92. At all relevant times herein, Defendants McGovern, Shaffery, Dykstra, Lorensen, and/or John Does 1-10, in their individual and official capacities, the Borough of Fair Haven, and the Borough of Little Silver under color of state or local law, subjected and/or caused and/or allowed Plaintiff to be deprived of his constitutional rights, privileges, and/or immunities.

93. At all relevant times herein, Defendants McGovern, Shaffery, Dykstra, Lorensen, and/or John Does 1-10, in their individual and official capacities, the Borough of Fair Haven, and the Borough of Little Silver violated Plaintiff's civil rights by falsely arresting Plaintiff in the absence of probable cause, using excessive force in violation of Borough and State statutes and guidelines, intentionally causing Plaintiff emotional distress, maliciously abusing process, tortiously interfering with Plaintiff's economic advantage, negligently training and/or supervising the employees of Defendants, all with deliberate indifference to Plaintiff and in violation of the 4th and 14th Amendments to the United States Constitution.

94. As a direct and proximate result of Defendants' violations of Plaintiff's civil rights, guaranteed to him by 42 U.S.C. § 1983 and the 4th and 14th Amendments to the United States Constitution, Plaintiff suffered damages.

95. It was the policy and/or custom of Defendants McGovern, Shaffery, Borough of Fair Haven and Borough of Little Silver, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives.

**WHEREFORE** Plaintiff demands judgment against Defendants McGovern, Shaffery, Dykstra, Lorensen, and/or John Does 1-10, in their individual and official capacities, the Borough of Fair Haven, and the Borough of Little Silver, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems equitable and just.

Dated: April 5, 2021          Respectfully submitted,

*Dennis Smith, Esq.*

_____

DENNIS SMITH, ESQ. (026931988)
DILLON J. MCGUIRE, ESQ. (187602018)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
Court Plaza South
21 Main Street – Suite 200
Hackensack, NJ 07601
(201) 488-8200
dsmith@pashmanstein.com
Attorneys for Plaintiff

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## LOCAL CIVIL RULE 11.2 VERIFICATION

Pursuant to Local Rule 11.2, Plaintiff hereby verifies that, to his knowledge, the matter in controversy is neither the subject of any other action pending in any court, nor of any pending arbitration or administrative proceeding.

Dated: April 5, 2021          Respectfully submitted,

*Dennis Smith, Esq.*

_____

DENNIS SMITH, ESQ. (026931988)
DILLON J. MCGUIRE, ESQ. (187602018)
**PASHMAN STEIN WALDER HAYDEN, P.C.**
Court Plaza South
21 Main Street – Suite 200
Hackensack, NJ 07601
(201) 488-8200
dsmith@pashmanstein.com
Attorneys for Plaintiff

19

## **VERIFICATION**

I, Peter J. Forsman, hereby verify that:

1. I am the Plaintiff in the above matter.

2. I have reviewed the foregoing Verified Complaint.

3. I verify under the penalty of perjury that the facts set forth in the Verified Complaint are true and correct to the best of my knowledge.

Executed on this _15th_ day of _MARCH_, 2021

PETER J. FORSMAN

20

# EXHIBIT A

MVR Disc will be submitted under separate cover.

# EXHIBIT B



# Fair Haven Police Department

35 Fisk St FAIR HAVEN , NJ 07704 (732)747-0992

Officer Report for Incident 19FH03485

19FH03485

| | | |
|---|---|---|
| **Nature:** DWI | **Address:** 35 FISK ST; PD 13 | |
| **Location:** P13 | FAIR HAVEN NJ 07704 | |

| | | |
|---|---|---|
| **Offense Codes:** DCON, ASIM | | |
| **Received By:** Robertello, D | **How Received:** O | **Agency:** P13 |
| **Responding Officers:** Volker, M, Dykstra, J, Lagrotteria, W | | |
| **Responsible Officer:** Volker, M | **Disposition:** CAA 05/24/19 | |
| **When Reported:** 23:16:42 05/24/19 | **Occurred Between:** 23:16:42 05/24/19 and 23:16:42 05/24/19 | |

| | | |
|---|---|---|
| **Assigned To:** | **Detail:** | **Date Assigned:** **/**/** |
| **Status:** | **Status Date:** **/**/** | **Due Date:** **/**/** |

**Complainant:**

| | | |
|---|---|---|
| **Last:** | **First:** | **Mid:** |
| **DOB:** **/**/** | **Dr Lic:** | **Address:** |
| **Race:** **Sex:** | **Phone:** | **City:** , |

## Offense Codes

| | |
|---|---|
| **Reported:** | **Observed:** |
| **Additional Offense:** DCON Disorderly Conduct | |
| **Additional Offense:** ASIM Assault, Simple | |

## Circumstances

LT13 Highway, Road, Alley

| **Responding Officers:** | **Unit :** |
|---|---|
| Volker, M | P13039 |
| Dykstra, J | P13032 |
| Lagrotteria, W | P13034 |

| | | |
|---|---|---|
| **Responsible Officer:** Volker, M | **Agency:** P13 | |
| **Received By:** Robertello, D | **Last Radio Log:** 01:21:20 05/25/19 C | |
| **How Received:** O Ofcr. Initiated | **Clearance:** RR Report Required | |
| **When Reported:** 23:16:42 05/24/19 | **Disposition:** CAA **Date:** 05/24/19 | |
| **Judicial Status:** NCI | **Occurred between:** 23:16:42 05/24/19 | |
| **Misc Entry:** | **and:** 23:16:42 05/24/19 | |

*Officer Report for Incident 19FH03485*                                      *Page 2 of 10*

| Statute: | | Description : | Method : |
|---|---|---|---|
| | 39 Violation | Title 39 Violations | 39:4-50 |
| | 2C Statute | NJ 2C Criminal Statutes | 2C:12-1a1 |
| | 2C Statute | NJ 2C Criminal Statutes | 2C:33-2 |

## Involvements

| Date | Type | Description | |
|---|---|---|---|
| 05/25/19 | Name | FORSMAN, PETER J | Passenger |
| 05/25/19 | Name | MEYER, CHRIS J | Driver |
| 05/25/19 | Citation | Moving Violation | Citation |
| 05/25/19 | Citation | Moving Violation | Citation |
| 05/25/19 | Citation | Moving Violation | Citation |
| 05/24/19 | Offense | Under Influence Drugs; Alcohol - 1 count | Charged With |
| 05/24/19 | Offense | Disorderly Conduct - 1 count | Charged With |
| 05/24/19 | Offense | Simple Assault - 1 count | Charged With |
| 05/25/19 | Vehicle | BLK 2014 FORD EXP NJ | Vehicle |
| 05/24/19 | Cad Call | 23:16:42 05/24/19 DWI | Initiating Call |

## Narrative

On 5/24/2019, at approximately 2316, I was on patrol driving E/B on Ridge Rd. I observed a vehicle traveling W/B on Ridge Rd. by Fair Haven Rd. As the vehicle began to pass me, I observed the two passenger side tires of the vehicle cross over the W/B marked lane line and into the W/B bike lane. I waited for a safe break in traffic to turn around and close the gap between myself and the vehicle. The vehicle was still heading W/B on Ridge and was approaching Hance Rd. As the vehicle approached the intersection of Ridge and Hance, it again drove out of its marked lane to the right, hitting the white lane marker line with both passenger side tires. I started my dashboard camera. W/B on Ridge, past Hance, the vehicle once again left its lane to the right. The vehicle then made a left turn off of Ridge and onto Harding Rd. S/B in Little Silver. The vehicle continued S/B on Harding until it reached a red arrow signal at the intersection of Harding and Rumson Rd. The vehicle made a right on a red arrow to go W/B on Rumson Rd. where there is a sign prohibiting cars from making a right turn when a red arrow signal is showing. I followed the vehicle for several feet W/B on Rumson Rd. and conducted a Motor Vehicle stop on Rumson Rd. just West of Seven Bridges Rd. in Little Silver.

I approached the vehicle ( NJ: KPW29Z) and greeted the driver. Upon greeting the driver, Chris Meyer, I detected the odor of an alcoholic beverage emanating from the passenger compartment. I advised Chris that he was being stopped for failure to maintain lane on Ridge Rd. and for making a right turn on red where it was not permissible to do so. I asked Chris if he had anything to drink tonight. He said yes. I asked him where. He said Barnacle Bill's. Before I could return to my vehicle to check his license, Chris stopped me and said, "I work in the Insurance industry also". He then repeated the statement. Confused, I asked Chris if there was a reason for him to be telling me this. He said no. When I approached Chris's vehicle again, I asked him what his highest level of education was. He said college. I asked him if he was familiar with the English alphabet. He said yes. I told Chris that I wanted him to recite the English alphabet, from "A" to "Z", without singing it. I asked Chris if he understood these instructions. He said I do. I told him to begin. Chris recited the alphabet correctly from "A" to "F". He took a long pause before continuing. He then recited correctly from "G" to "J". After "J", Chris said, " L, A, L, M, N, O, Z. *Pause*, Q, R, S, T, A, V, L". Chris then stated, "I'm so nervous, you're killing me". I returned to my vehicle and requested a second unit.

While waiting for another unit, I backed my vehicle up slightly and deactivated my front emergency lights. I then pointed my spotlight towards the space in between my vehicle and Chris's vehicle where I was going to have him perform field sobriety tests. Sgt. Dykstra arrived at my location and I approached Chris's vehicle again. I instructed Chris to remove his seatbelt and step out of his vehicle. I then told him to walk to the back bumper of his vehicle and keep his hands out of his pockets. Chris almost immediately placed a hand in one pocket for his car keys. The first test I would Chris perform would be the walk and turn test. I started by asking Chris if he had any medical issues with his legs. He said no. I then began explaining and demonstrating the starting position to Chris. The starting position for the walk and turn is to stand with your right foot directly in front of your left, heel to toe, and keeping your hands straight down to your sides. When I started explaining the test, Chris was having trouble holding the starting position. He claimed that the ground was on a slope and causing him to mess up. We then moved Chris up onto the sidewalk which was more level. Once on the sidewalk I explained and demonstrated the starting position again. Chris then said, "Sir, let's just get it over with, I'll do it". Chris kept interrupting my instructions and again

stated that he believed he was on uneven ground. He explained how the slope on the ground was causing him to fall a certain way and that if he was sober he would mess up anyway. Chris was unable to hold the starting position. He used his hands to balance, could not position his feet correctly, and almost fell several times. I decided to explain the test anyway. From the starting position, Chris was to take 9 heel to toe steps forward while counting out loud with each step and keeping his hands down to his sides. Once at 9 steps, he was to turn around and face the opposite direction and take 9 heel to toe steps back while counting out loud and keeping his hands down to his sides. I asked Chris if he understood the instructions. He said, "yes I do". Chris began the test but did not count out loud, he used his arms to balance, missed several heel to toe connections, and had to stop to regain balance. He also stopped early and complained about being on a slope again.

The last test Chris would perform was the one-legged stand. The starting position for this test was standing with your feet together so that your toes are touching and your heels are touching while also keeping your hands down to your sides. This position was explained and demonstrated to Chris. I then explained the test. Chris was to lift the the leg of his choosing so that the heel of the raised foot would be approximately 6 inches off the ground. While holding this position he was to keep his legs straight, arms down to his sides, stare at the raised foot, and count out loud from 1 "one-thousand" to 30"one-thousand". While explaining the time, Chris interrupted me and stated that that was an unreasonable period of time. He then began the test without being instructed to do so. Chris did not count out loud, used his arms to balance, placed his foot down several times, and almost fell over. While was explaining again why he had been stopped, Chris responded by saying, "I'm not usually combative, but I don't believe on Ridge Rd. I did anything wrong". In regards to the making an illegal right on red, he said that he did not see the sign. Chris was then placed under arrest for driving while intoxicated. I utilized the double-locking mechanism on my handcuffs. I walked Chris over to my vehicle where I removed his keys from his pocket. Chris had money in one pocket that I left inside. I then secured Chris inside my vehicle, checking the backseat before placing him inside. While I was securing Chris, Sgt. Dykstra arrested Chris's front seat passenger Peter Forsman, for simple assault. See supplemental report by Sgt. Dykstra for additional information. A tow truck was dispatched for Chris's vehicle and the Little Silver unit that arrived to back us up would wait with the vehicle. I transported Chris to HQ with my camera on, calling out starting and ending mileage.

Once at HQ I removed Chris from my vehicle and checked the back seat. I then escorted him inside and into the processing room where I handcuffed him securely to the bench. See supplemental report by Ptl. Lagrotteria for all alcotest information. Chris was issued summonses for driving while intoxicated, reckless driving, and failure to maintain lane. Chris was also issued a summons on a Little Silver traffic ticket for failing to obey a traffic signal. William Meyer responded to HQ and signed Chris into his custody via the John's Law form. Chris was then released pending municipal court.

## Supplement

01:21:21 05/25/2019 - Robertello, D
CAD Call info/comments
================================

23:32:36 05/24/2019 - Robertello, D - From: Dykstra, J
1 41 - DISPATCH 17 TO THIS LOCATION
23:34:36 05/24/2019 - Robertello, D
2ND MALE 41
23:35:08 05/24/2019 - Robertello, D
BROTHERS TOWING NTFD
23:37:57 05/24/2019 - Robertello, D - From: Dykstra, J
TRANSPORTING 1 ADULT MALE 41 TO HQTRS, CAR 10 - S/M 67039
23:39:46 05/24/2019 - Robertello, D - From: Volker, M
ENRT 10-3 WITH 1 MALE 41 - S/M 49854.5
23:44:09 05/24/2019 - Robertello, D - From: Volker, M
E/M 49856.2
23:46:04 05/24/2019 - Robertello, D
CELL NUMBER 1
23:55:05 05/24/2019 - Robertello, D - From: Volker, M
EMS FOR SHOULDER INJURY
23:55:36 05/24/2019 - Robertello, D - From: Dykstra, J
E/M 67040
23:56:16 05/24/2019 - Robertello, D
*URGENT* Address change from RUMSON RD & SEVEN BRIDGES RD to 35 FISK ST; PD 13
00:01:22 05/25/2019 - Robertello, D
PER LITTLE SILVER PD - WRECKER 10-9
00:10:23 05/25/2019 - Robertello, D
PETER FORSMAN NEG WARRANTS - NJ DL F66606257112612
00:11:36 05/25/2019 - Tarabokija, S
driver needed for squad
00:12:33 05/25/2019 - Graham, A
little silver ma
00:16:05 05/25/2019 - Tarabokija, S
fd cx
00:45:32 05/25/2019 - Halpern, D
1334 1 41 RELASED // 41 FROM CELL 1 WILL BE TRANS TO RMC BY 1357
00:54:35 05/25/2019 - Robertello, D - From: Volker, M
ARRIVING AT RIVERVIEW
01:01:33 05/25/2019 - Robertello, D
39 10-8, WILL TAKE REPORT - 34 STILL AT HOSPITAL
01:20:41 05/25/2019 - Robertello, D - From: Dykstra, J
SECOND 41 HAS BEEN RELEASED
01:20:49 05/25/2019 - Robertello, D
*URGENT* Nature change from STOP to DWI

## Supplement

04:34:18 05/25/2019 - Dykstra, J

On this date, at approximately 23:16, I, Sgt. Jesse J. Dykstra, was requested by Ptl. Volker to respond to his location to assist with a motor vehicle stop. Upon my arrival Ptl. Volker advised me that he would be requesting the operator of the stopped vehicle (later identified as Chris Meyer, Tinton Falls) to perform field sobriety tests.

Ptl. Volker then went up to the driver side of the vehicle and requested that Meyer exit his vehicle in order to perform field sobriety tests. When Meyer exited, I observed him staggering and having difficulty maintaining his balance. Ptl. Volker then explained and demonstrated the 'Walk & Turn' test and the 'Leg Raise' to Meyer (See Ptl. Volker's report for details). While Ptl. Volker was attempting to have Meyer perform field sobriety tests, I noted that there was a front seat passenger in the stopped vehicle.

Ptl. Volker requested that I perform HGN (horizontal gaze nystagmus) on Meyer. Meyer advised me that he had contact lenses in and that he does not wear a glass eye. I confirmed with Meyer that he was able to see the stimulus (pen) which I placed approximately 12-15 inches away from his head slightly above eye level. I instructed Meyer to follow the stimulus with his eyes and to not move his head. Meyer stated that he understood the instructions prior to the start of the test. I then administered the HGN test starting with the left eye looking for lack of smooth pursuit. I moved the stimulus smoothly to Meyers' left side as far as possible, taking approximately two seconds and then back to the right side in the same manner to check the right side. Distinct nystagmus and lack of smooth pursuit was observed in both eyes.

I then checked for nystagmus at maximum deviation starting with the left eye. I moved the stimulus to Meyers' left side until the eye had moved as far left as possible assuring that there was no white visible in the corner of the eye. I held the stimulus at this position for approximately four seconds and then moved to Meyers' right side in the same manner to check the right eye. Distinct nystagmus was not observed at maximum deviation.

I then checked for nystagmus onset prior to 45 degrees. Starting with the left eye, I moved the stimulus to Meyers' left side at a rate that would take approximately four seconds to reach the edge of his shoulder. I then checked Meyers' right eye by moving the stimulus to his right side in the same manner that I did with his left eye. Distinct nystagmus was observed in Meyers' left eye with onset prior to 45 degrees. I then concluded my test and a total of 3 out of three indicators were observed. Ptl. Volker was advised of same. At 23:32, Ptl. Volker placed Meyer under arrest for D.W.I. and escorted him to his patrol vehicle.

I then went to the passenger side of the vehicle to advise the passenger of the vehicle (later identified as Peter Forsman, Tinton Falls) that he would need to arrange other means of transportation. I asked Forsman if someone could come and pick him up. He replied "no". I asked Forsman if he could arrange to have an 'Uber' or a car come pick him up. He, again, replied "no". Forsman then stated that he would walk. I asked Forsman where he would be walking to as I wanted to make sure he wouldn't have to walk too far. Forsman advised me that he would be walking to Tinton Falls. At this time, I was going to offer Forsman transportation to his home but before I could do that, he hastily opened his door and struck my chest. It should be noted that I was standing within a foot of Forsmans' door and it was obvious that I would need to move in order for the door to be opened. I then closed his door and advised him to walk away from the scene. I then moved out of the way of the door and Forsman exited the vehicle. I then advised Forsman to walk away. He replied by saying "Do you know John Scrivanic?". Again, I advised Forsman to walk away and he, again, replied by saying "Do you know John Scrivanic?".

I then grabbed Forsman's wrist and pulled him closer to the stopped vehicle in order to place him in handcuffs as he was now being arrested for simple assault. Forsman was instructed to

place his hands behind his back and was not complying. Ptl. Scott Lorensen (Little Silver PD) assisted and we were able to place Forsman in handcuffs. I double locked the handcuffs on Forsman and brought him back to my patrol car (1310). Forsman, at first, passively refused to enter the prisoner compartment of my patrol vehicle. I then instructed Forsman to get into my patrol vehicle. Forsman got into my patrol vehicle. I then closed the door and Forsman began screaming and stated "you broke my fucking leg!". I then readjusted Forsman's leg and closed the door. Forsman immediately began screaming obscenities and yelling.

I then called out my mileage to dispatch and advised them that I would be transporting Forsman to police headquarters. Forsman was transported to police headquarters, searched and placed in cell #1. A cell log was initiated and subsequently completed. When Ptl. Lagrotteria went to remove the handcuffs off of Forsman prior to locking the cell, he screamed and stated that he has a torn labrum. I then advised Forsman that based on his behavior and his complaints of pain, that we would be calling an ambulance to take him to the hospital. Ptl. Lagrotteria then requested dispatch to send Fair Haven First Aid Squad to police headquarters. Shortly thereafter, FHFAS arrived on scene and transported Forsman to Riverview Medical Center accompanied by Ptl. Lagrotteria.

Forsman was charged with Disorderly Conduct on Fair Haven summons 1313-S-2019-000014 with a first appearance court date of 5/30/19 in the Fair Haven Municipal Court. Forsman was charged with Simple Assault on Little Silver summons 1323-S-2019-000028 with a first appearance court date of 6/6/19 in the Little Silver Municipal Court. Forsman was served at Riverview Medical Center and released.

See reports completed by Ptl. Lagrotteria and Ptl. Volker for additional details.

## Supplement

00:54:34 05/26/2019 - Lagrotteria, W

At 2337 I, Ptl. William Lagrotteria responded to headquarters to assist Sgt. Dykstra and Ptl. Volker with their arrests of Peter Forsman and Chris Meyer. I was met with Sgt. Dykstra who had transported Peter from the location of the arrest. I went to the rear of UNIT 1310 to assist Peter out of the vehicle. I asked Peter to swing his legs towards his right side to exit the vehicle. Peter refused to do this by saying that he couldn't. I asked Peter if he could attempt to inch backside towards me to exit the vehicle. Peter said that he could not exit the vehicle. I then reached  and held Peters arms and assisted him out of the vehicle. I then escorted Peter into headquarters and then downstairs where he was placed into cell #1. As I went to take the handcuffs off of Peter, I un-cuffed his left hand first. As soon as I released the left hand, Peter immediately fell too his knees and began screaming about his left shoulder being "torn." Sgt. Dykstra then requested first aid to assist with Peter.

I walked upstairs to assist with Ptl. Volkers DWI arrest of Chris Meyer, specifically to operate the alkotest. I walked into processing where I advised Chris of his Miranda Warning. Chris verbally acknowledged that his understood his rights but refused to sign or initially that he understood same. I then read Chris the implied consent form and asked Chris if he would give samples of his breath for the purpose of testing. Chris replied "No." I put all the information into the Alkotest and submitted that Chris was a refusal. Ptl. Volker finished processing Chris for the DWI.

At 0018hrs, I went downstairs with Fair Haven First Captain to begin first aid on Peter, Peter answered basic questions from first aid personnel and then refused to answer anymore questions from anyone untill he spoke with his attorney. Sgt. Dykstra allowed me to bring Peter his cell phone so he could contact his attonery. I handed Peter his cell phone. A few minutes went by and I did not hear Peter talking to anyone. I asked Peter if he had made a phone call yet. Peter said that he had not. I then told Peter that I was allowing him to use his cell phone to contact his attonery and no one else. Peter asked if there was a time limit. I advised Peter that I would allow him five minutes to get into contact with his attorney and if he did he could talk to his attorney without time restrictions. Peter then gave me back his phone and said that he did not want to call his attorney anymore and said "Its better for me if I don't call him." Peter was then left in cell #1.

At 0045hrs, Ptl. Volker and I took Peter out of cell #1 and walked him outside and into Fair Haven First Aid UNIT 1357 to transport him to RMC. I rode with Peter in 1357 to RMC. Peter was checked into RMC and Sgt. Dykstra arrived to serve Peter with his summons. Nothing further at this time.

## Vehicles

**Vehicle Number:**
**444232**

| | | | |
|---|---|---|---|
| **License Plate:** KPW29Z | | **License Type:** | |
| **State:** NJ | | **Expires:** 08/31/19 | |
| **Vehicle Year:** 2014 | | **VIN:** 1FM5K8F87EGA67085 | |
| **Make:** FORD Ford | | **Model:** EXP | |
| **Color:** BLK / | | **Doors:** 0 | |
| **Vehicle Type:** PCAR Passenger Car | | **Value:** $0.00 | |

**Owner:**

| | | | |
|---|---|---|---|
| **Last:** MEYER | **First:** CHRIS | **Mid:** J | |
| **DOB:** 01/29/66 | **Dr Lic:** M297912471016 66 | **Address:** 107 CLOVERDALE CIR | |
| **Race:** | **Sex:** M | **Phone:** (732)996-6744 | **City:** TINTON FALLS, NJ 07724 3100 |

| | |
|---|---|
| **Agency:** P13 Fair Haven Police Department | **Date Recov/Rcvd:** 05/25/19 |
| **Officer:** Volker, M | **Area:** P13 P13 |
| **UCR Status:** | **Wrecker Service:** BROT Brothers Towing |
| **Local Status:** POS In Possession | **Storage Location:** |
| **Status Date:** 05/25/19 | **Release Date:** **/**/** |
| **Comments:** | |

Vehicle impounded under the provisions of John's Law.

# COMPLAINT - SUMMONS

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **1323** | **S** | **2019** | **000028** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

*THE STATE OF NEW JERSEY*
*VS.*

PETER J FORSMAN

LITTLE SILVER BORO COURT
480 PROSPECT AVE
LITTLE SILVER        NJ  07739-0000
732-842-3881   COUNTY OF: **MONMOUTH**

ADDRESS:
101 HOPE ROAD

TINTON FALLS                NJ 07724-0000

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 1 | | 19FH03485 |

COMPLAINANT
NAME:    SGT. JESSE J DYKSTRA
         FAIR HAVEN POLICE DEPARTMENT
         35 FISK ST.
         FAIR HAVEN        NJ  07704

DEFENDANT INFORMATION
SEX: **M**  EYE COLOR: **BROWN**      DOB: 12/02/1961
DRIVER'S LIC. #: **F66606257112612**              DL STATE:  **NJ**
SOCIAL SECURITY #: **xxx-xx-x865**   SBI #:
TELEPHONE #:                       ( )
LIVESCAN PCN #:

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 05/24/2019 in        **LITTLE SILVER BORO**        ,  **MONMOUTH**  County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, COMMIT ASSAULT BY ATTEMPTING TO CAUSE BODILY INJURY TO SGT. JESSE J. DYKSTRA, A FAIR HAVEN POLICE OFFICER, SPECIFICALLY BY STRIKING THE VICTIM'S CHEST WITH A CAR DOOR WHILE EXITING A VEHICLE.

**in violation of:**

| Original Charge | 1) **2C:12-1A(1)** | 2) | 3) |
|---|---|---|---|
| Amended Charge | | | |

**CERTIFICATION**   I certify that the foregoing statements made by me are true. I am aware  that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: _____          Date: _____

## PROBABLE CAUSE DETERMINATION AND ISSUANCE OF SUMMONS

☐  Probable cause **IS NOT** found for the issuance of this complaint:

_____   _____          _____   _____
Signature of Court Administrator or Deputy Court Administrator          Date                    Signature of Judge                  Date

☐  Probable cause **IS** found for the issuance of this complaint-summons:   _____   _____
                                                                          Signature of Judge                  Date

**SUMMONS**                                                                    _____   _____
                                                                          Signature of Judge                  Date

YOU ARE HEREBY **SUMMONED** to appear before the  Municipal Court      in the county of:  MONMOUTH

at the following address:   LITTLE SILVER BORO COURT

480 PROSPECT AVE                                            LITTLE SILVER        NJ 07739-0000
If you fail to appear on the date and at the time stated below, a warrant may be issued for your arrest.

Date of Arrest:   05/24/2019   Appearance Date:  06/06/2019   Time: 09:30AM   Phone:  732-842-3881

Signature of Person Issuing Summons: _____          Date: _____

| ☐ **Domestic Violence -- Confidential** | ☐ **Related Traffic Tickets or Other Complaints** | ☐ **Serious Personal Injury/ Death Involved** |
|---|---|---|

Special conditions of release:
☐  **No phone, mail or other personal contact w/victim**
☐  **No possession firearms/weapons**
☐  **Other** (specify):

# ORIGINAL

**Page 1  of 7**                          NJ/CDR1 1/1/2017

# COMPLAINT – SUMMONS (Court Action)

| COMPLAINT NUMBER | | | | STATE V. |
|---|---|---|---|---|
| **1323** | **S** | **2019** | **000028** | |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | PETER J FORSMAN |

| FTA Bail Information | | Date Bail Set: | Amount Bail Set: $_____ | by:_____ | ☐ Bail Recog. Attached |
|---|---|---|---|---|---|
| Released on Bail | R.O.R. | Committed Default | Committed w/o Bail | Place Committed: | Date Referred to County Prosecutor: _____ |

| Date of First Appearance: | 06/06/2019 | ☐ Advised of Rights by_____ | Defendant Desires Counsel: ☐ Yes   ☐ No |
|---|---|---|---|

| Prosecuting Attorney Information | | | | Defense Counsel Information | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Name:** | | | | **Name:** | | | | | |
| State | County | Municipal | Other | None | Retained | Public Def | Assigned | Waived | Other |

| | | | | | |
|---|---|---|---|---|---|
| Original Charge | 1) **2C:12-1A(1)** | | 2) | | 3) |
| Amended Charge | | | | | |
| Waiver Indt/Jury | | | | | |
| Plea/Date of Plea | Plea:      Date: | | Plea:      Date: | | Plea:      Date: |
| Adjudication (* see code) | Finding Code:      Date: | | Finding Code:      Date: | | Finding Code:      Date: |
| Jail Term | | Jail time credit | Susp. Imp | Jail time credit | Susp. Imp | Jail time credit | Susp. Imp |
| Probation Term | | | Susp. Imp | | Susp. Imp | | Susp. Imp |
| Cond. Discharge Term | | | | | |
| Community Service | | | | | |
| D/L Suspension Term | | | | | |
| Fines/Costs | Fines:      Costs: | | Fines:      Costs: | | Fines:      Costs: |
| VCCB/SNSF | VCCB:      SNSF: | | VCCB:      SNSF: | | VCCB:      SNSF: |
| DEDR/Lab Fee | DEDR:      LAB: | | DEDR:      LAB: | | DEDR:      LAB: |
| CD Fee/Drug Ed Fnd | CD:      DAEF: | | CD:      DAEF: | | CD:      DAEF: |
| DV Surch/Other Fees | DV:      Other: | | DV:      Other: | | DV:      Other: |
| Restitution Beneficiary:_____ | | | | | |

**Miscellaneous Information, Adjournments, Companion Complaints, Co-Defendants, Case Notes:**
DEFENDANT PASSENGER IN MV DURING MV STOP. DEFENDANT STRUCK VICTIM WITH CAR DOOR WHILE EXITING VEHICLE.

**Related Traffic Tickets and Complaints:**

**\* Finding Codes**
1 – Guilty
2 – Not Guilty
3 – Dismissed – Other
4 – Guilty but Merged
5 – Dismissed-Rule
6 – Dismissed Lack of Prosecution
7 – Dismissed – Pros Motion/Vic Req
8 – Conditional Discharge
D – Dismissed- Prosecutor Discretion
M – Dismissed- Mediation
P – Dismissed-Plea Agreement
S – Disposed at Superior
W – Dismissed-False ID

| JUDGE'S SIGNATURE | DATE | ORIGINAL - Court Action | |
|---|---|---|---|
| | | **Page 2 of 7** | NJ/CDR1 1/1/2017 |

# COMPLAINT - SUMMONS (DEFENDANT'S COPY)

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **1323** | **S** | **2019** | **000028** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

*THE STATE OF NEW JERSEY*
*VS.*
PETER J FORSMAN

LITTLE SILVER BORO COURT
480 PROSPECT AVE
LITTLE SILVER      NJ  07739-0000
732-842-3881    COUNTY OF: **MONMOUTH**

ADDRESS :
101 HOPE ROAD

TINTON FALLS          NJ 07724-0000

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 1 | | 19FH03485 |

DEFENDANT INFORMATION
SEX: **M** EYE COLOR: **BROWN**     DOB: 12/02/1961
DRIVER'S LIC. #. **F66606257112612**     DL STATE: **NJ**
SOCIAL SECURITY #: **xxx-xx-x865** SBI #:
TELEPHONE #:                    ( )
LIVESCAN PCN #:

COMPLAINANT
NAME:     SGT. JESSE J DYKSTRA

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about **05/24/2019** in      **LITTLE SILVER BORO**      **MONMOUTH** County, NJ did: WITHIN THE JURISDICTION OF THIS COURT, COMMIT ASSAULT BY ATTEMPTING TO CAUSE BODILY INJURY TO SGT. JESSE J. DYKSTRA, A FAIR HAVEN POLICE OFFICER, SPECIFICALLY BY STRIKING THE VICTIM'S CHEST WITH A CAR DOOR WHILE EXITING A VEHICLE.

**in violation of:**

| Original Charge | 1) **2C:12-1A(1)** | 2) | 3) |
|---|---|---|---|
| Amended Charge | | | |

**CERTIFICATION**   I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: _____     Date: _____

## PROBABLE CAUSE DETERMINATION AND ISSUANCE OF SUMMONS

❑ Probable cause **IS NOT** found for the issuance of this complaint:

_____     _____     _____     _____
Signature of Court Administrator or Deputy Court Administrator     Date     Signature of Judge     Date

❑ Probable cause **IS** found for the issuance of this complaint-summons:

_____     _____
Signature of Judge     Date

**SUMMONS**
YOU ARE HEREBY *SUMMONED* to appear before the  Municipal Court     in the county of:    MONMOUTH

at the following address:  LITTLE SILVER BORO COURT

480 PROSPECT AVE                                   LITTLE SILVER      NJ 07739-0000

If you fail to appear on the date and at the time stated below, a warrant may be issued for your arrest.

Date of Arrest:   05/24/2019   Appearance Date:   06/06/2019   Time:  09:30AM   Phone:  732-842-3881

Signature of Person Issuing Summons: _____     Date: _____

| ❑ **Domestic Violence – Confidential** | ❑ **Related Traffic Tickets or Other Complaints** | ❑ **Serious Personal Injury/ Death Involved** |
|---|---|---|

**Special conditions of release:**
❑ **No phone, mail or other personal contact w/victim**
❑ **No possession firearms/weapons**
❑ **Other** (specify):

**COMPLAINT - SUMMONS (DEFENDANT'S COPY)**

**Page 3  of 7**

NJ/CDR1 1/1/2017

# RETURN OF SERVICE INFORMATION

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **1323** | **S** | **2019** | **000028** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

*THE STATE OF NEW JERSEY*
*VS.*

PETER J FORSMAN

LITTLE SILVER BORO COURT
480 PROSPECT AVE
LITTLE SILVER       NJ  07739-0000
732-842-3881  COUNTY OF: **MONMOUTH**

ADDRESS:
101 HOPE ROAD

TINTON FALLS          NJ 07724-0000

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 1 | | 19FH03485 |

COMPLAINANT
NAME:  SGT. JESSE J DYKSTRA
FAIR HAVEN POLICE DEPARTMENT
35 FISK ST.
FAIR HAVEN          NJ  07704

DEFENDANT INFORMATION
SEX: **M**  EYE COLOR: **BROWN**          DOB: 12/02/1961
DRIVER'S LIC. #. **F66606257112612**               DL STATE:  **NJ**
SOCIAL SECURITY # **xxx-xx-x865**     SBI #:
TELEPHONE #:                 ( )
LIVESCAN PCN #:

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named
defendant on or about **05/24/2019** in          LITTLE SILVER BORO          ,  **MONMOUTH**  County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, COMMIT ASSAULT BY ATTEMPTING TO CAUSE
BODILY INJURY TO SGT. JESSE J. DYKSTRA, A FAIR HAVEN POLICE OFFICER,
SPECIFICALLY BY STRIKING THE VICTIM'S CHEST WITH A CAR DOOR WHILE EXITING A
VEHICLE.

**in violation of:**

| Original Charge | 1) **2C:12-1A(1)** | 2) | 3) |
|---|---|---|---|

| Check √ | **Certification by Police Regarding Complaint-Summons** |
|---|---|
| | I certify that I served the complaint-summons by delivering a copy to the defendant personally. |
| | I certify that I personally served the complaint-summons by leaving a copy at the defendant's usual place of abode with a competent member of the  household of the age 14 or over _____ <br> *Name of family member over 14 years of age* |
| ✔ | I certify that I mailed a copy of the complaint-summons by ordinary mail to the defendant at his or her last known address.  **101 HOPE ROAD, TINTON FALLS, NJ 07724** <br> *Defendant's last known address* |
| | I certify that I served the complaint-summons by delivering a copy to a person authorized to receive service of process on the defendant's behalf. _____ <br> *Name and title of authorized person* |
| | Other manner of service: I certify that I served the complaint-summons in the following manner: _____ |
| | I certify that I was unable to serve the complaint-summons. |

Signed: _____        Date of Action: _____
          *Name, Title and Department of Officer*

## RETURN OF SERVICE INFORMATION

**Page 4  of 7**

NJ/CDR1 1/1/2017

## Affidavit of Probable Cause

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **1323** | **S** | **2019** | **000028** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

**THE STATE OF NEW JERSEY**
*VS.*
PETER J FORSMAN

LITTLE SILVER BORO COURT
480 PROSPECT AVE
LITTLE SILVER          NJ  07739-0000
732-842-3881          COUNTY OF: **MONMOUTH**

ADDRESS:
   101 HOPE ROAD

TINTON FALLS          NJ 07724-0000

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 1 | | 19FH03485 |

DEFENDANT INFORMATION
SEX: **M**  EYE COLOR: **BROWN**      DOB: **12/02/1961**
DRIVER'S LIC. #: **F66606257112612**          DL STATE: **NJ**
SOCIAL SECURITY #: **xxx-xx-x865**    SBI #:
TELEPHONE #:          (    )
LIVESCAN PCN #:

COMPLAINANT NAME: SGT. JESSE J DYKSTRA
FAIR HAVEN POLICE DEPARTMENT
35 FISK ST.
FAIR HAVEN          NJ  07704

Purpose: This Affidavit/Certification is to more fully describe the facts of the alleged offense so that a judge or authorized judicial officer may determine probable cause.

1. Description of relevant facts and circumstances which support probable cause that (1) the offense(s) was committed <u>and</u> (2) the defendant is the one who committed it:
**The defendant was a passenger in a motor vehicle during a motor vehicle stop. While speaking with the defendant and trying to establish how he was going to get home, as the vehicle he was in was being towed, the defendant opened his door and struck the complainant with same.**

Affidavit of Probable Cause

Page 5  of 7

1/1/2017

## Affidavit of Probable Cause

| COMPLAINT NUMBER | | | | THE STATE OF NEW JERSEY |
|---|---|---|---|---|
| 1323 | S | 2019 | 000028 | VS. |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | PETER J FORSMAN |

2. I am aware of the facts above because: (Included, but not limited to: your observations, statements of eyewitnesses, defendant's admission, etc.)

The undersigned is the victim, witness and complainant.

3. If victim was injured, provide the extent of the injury:

Certification:
I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: _____     Date: _____05/25/2019_____

| | |
|---|---|
| | **Affidavit of Probable Cause** |
| | Page 6 of 7                    1/1/2017 |

# Preliminary Law Enforcement Incident Report

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **1323** | **S** | **2019** | **000028** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

*THE STATE OF NEW JERSEY*

*VS.*

PETER J FORSMAN

LITTLE SILVER BORO COURT
480 PROSPECT AVE
LITTLE SILVER        NJ   07739-0000
732-842-3881   COUNTY OF: MONMOUTH

ADDRESS:
   101 HOPE ROAD

   TINTON FALLS            NJ   07724-0000

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 1 | | 19FH03485 |

DEFENDANT INFORMATION
SEX: **M**  EYE COLOR: **BROWN**   DOB: **12/02/1961**
DRIVER'S LIC. #: **F66606257112612**        DL STATE:  **NJ**
SOCIAL SECURITY #: **xxx-xx-x865**   SBI #:
TELEPHONE #:                (  )
LIVESCAN PCN #:

COMPLAINANT
NAME:   SGT. JESSE J DYKSTRA
        FAIR HAVEN POLICE DEPARTMENT
        35 FISK ST.
        FAIR HAVEN          NJ   07704

**Purpose:** The Preliminary Law Enforcement Incident Report (PLEIR) is intended to document basic information known to the officer at the time of its preparation. It is recognized that additional relevant information will emerge as an investigation continues. The PLEIR shall be in addition to, not in lieu of, any regular police arrest, incident, or investigation reports. Note that the PLEIR is specific to each defendant charged in an investigation.

-The complaining officer personally observed the offense.

-Another law enforcement officer(s) personally observed the offense, List the officer(s) and their badge#
  Ptl. Lorensen, LSPD

-The offense/incident was recorded using electronic/surveillance via:
  •Dash Camera/MVR/DIVR

-The defendant appeared to be under the influence of drugs or alcohol at the time of the offense.

**Certification:**
I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: _____        Date: _____05/25/2019_____

**Preliminary Law Enforcement Incident Report**

**Page 7  of 7**

7/20/2018

# COMPLAINT - SUMMONS

## THE STATE OF NEW JERSEY
### VS.
**PETER J FORSMAN**

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **1313** | **S** | **2019** | **000014** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

FAIR HAVEN BORO MUNICIPAL COURT
80 EAST RIVER RD
RUMSON          NJ  07760-0000
732-530-7131   COUNTY OF: **MONMOUTH**

ADDRESS: **101 HOPE ROAD**

**TINTON FALLS**          **NJ 07724-0000**

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 1 | | 19FH03485 |

DEFENDANT INFORMATION
SEX: **M**  EYE COLOR: **BROWN**    DOB: **12/02/1961**
DRIVER'S LIC. #. **F66606257112612**      DL STATE:  **NJ**
SOCIAL SECURITY #: **xxx-xx-x865**   SBI #:
TELEPHONE #:          ( )
LIVESCAN PCN #:

COMPLAINANT NAME: SGT    J DYKSTRA
35 FISK STREET
ATTN WARRANTS
FAIR HAVEN          NJ  07701

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about **05/24/2019** in          **FAIR HAVEN BORO**          ,   **MONMOUTH**   County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, PURPOSELY CAUSE OR RECKLESSLY CREATE THE RISK OF PUBLIC INCONVENIENCE, ANNOYANCE OR ALARM BY SCREAMING "FUCK!" WHILE BEING ESCORTED FROM A PATROL VEHICLE INTO POLICE HEADQUARTERS.

in violation of:

| Original Charge | 1) **2C:33-2A(1)** | 2) | 3) |
|---|---|---|---|
| Amended Charge | | | |

## CERTIFICATION:
I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: _____ SGT    J DYKSTRA _____  Date: **05/25/2019**

**The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.**

## SUMMONS
YOU ARE HEREBY SUMMONED to appear before the   Municipal Court      in the county of:   MONMOUTH

at the following address:  FAIR HAVEN BORO MUNICIPAL COURT

80 EAST RIVER RD                              RUMSON          NJ 07760-0000

If you fail to appear on the date and at the time stated below, a warrant may be issued for your arrest.

Date of Arrest:  **05/24/2019**   Appearance Date:  **05/30/2019**   Time: **05:30PM**  Phone: **732-530-7131**

Signature of Person Issuing Summons: _____ SGT    J DYKSTRA _____  Date: **05/25/2019**

| ☐ **Domestic Violence – Confidential** | ☑ **Related Traffic Tickets or Other Complaints** | ☐ **Serious Personal Injury/ Death Involved** |
|---|---|---|

Special conditions of release:
☐ **No phone, mail or other personal contact w/victim**
☐ **No possession firearms/weapons**
☐ **Other** (specify):

## ORIGINAL

Page 1 of 7

# COMPLAINT – SUMMONS (Court Action)

| COMPLAINT NUMBER | | | | STATE V. |
|---|---|---|---|---|
| **1313** | **S** | **2019** | **000014** | PETER J FORSMAN |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | |

| FTA Bail Information | Date Bail Set: | Amount Bail Set: $_____ by:_____ | ☐ Bail Recog. Attached |
|---|---|---|---|

| Released on Bail | R.O.R. | Committed Default | Committed w/o Bail | Place Committed: | Date Referred to County Prosecutor: _____ |
|---|---|---|---|---|---|

| Date of First Appearance: | 05/30/2019 | ☐ Advised of Rights by_____ | Defendant Desires Counsel: ☐ Yes   ☐ No |
|---|---|---|---|

| Prosecuting Attorney Information | | | | Defense Counsel Information | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Name:** | | | | **Name:** | | | | | |
| State | County | Municipal | Other | None | Retained | Public Def | Assigned | Waived | Other |

| | 1) 2C:33-2A(1) | 2) | 3) |
|---|---|---|---|
| Original Charge | | | |
| Amended Charge | | | |
| Waiver Indt/Jury | | | |
| Plea/Date of Plea | Plea:          Date: | Plea:          Date: | Plea:          Date: |
| Adjudication (* see code) | Finding Code:          Date: | Finding Code:          Date: | Finding Code:          Date: |
| Jail Term | Jail time credit | Susp. Imp | Jail time credit | Susp. Imp | Jail time credit | Susp. Imp |
| Probation Term | | Susp. Imp | | Susp. Imp | | Susp. Imp |
| Cond. Discharge Term | | | |
| Community Service | | | |
| D/L Suspension Term | | | |
| Fines/Costs | Fines:     Costs: | Fines:     Costs: | Fines:     Costs: |
| VCCB/SNSF | VCCB:     SNSF: | VCCB:     SNSF: | VCCB:     SNSF: |
| DEDR/Lab Fee | DEDR:     LAB: | DEDR:     LAB: | DEDR:     LAB: |
| CD Fee/Drug Ed Fnd | CD:     DAEF: | CD:     DAEF: | CD:     DAEF: |
| DV Surch/Other Fees | DV:     Other: | DV:     Other: | DV:     Other: |
| Restitution Beneficiary:_____ | | | |

**Miscellaneous Information, Adjournments, Companion Complaints, Co-Defendants, Case Notes:**
WHILE BEING TRANSFERRED FROM MY PATROL VEHICLE AND INTO HDQTS. TO BE PROCESSED, THE DEFENDANT YELLED "FUCK!".

**Related Traffic Tickets and Complaints:**
LITTLE SILVER COMPLAINT-SUMMONS 1323-S-2019-000028 FOR SIMPLE ASSAULT

**\* Finding Codes**
1 – Guilty
2 – Not Guilty
3 – Dismissed – Other
4 – Guilty but Merged
5 – Dismissed-Rule
6 – Dismissed Lack of Prosecution
7 – Dismissed – Pros Motion/Vic Req
8 – Conditional Discharge
D – Dismissed- Prosecutor Discretion
M – Dismissed- Mediation
P – Dismissed-Plea  Agreement
S – Disposed at Superior
W – Dismissed-False ID

| JUDGE'S SIGNATURE | DATE | | ORIGINAL - Court Action |
|---|---|---|---|
| | | | Page 2 of 7      NJ/CDR1 1/1/2017 |

# RETURN OF SERVICE INFORMATION

### COMPLAINT NUMBER

| 1313 | S | 2019 | 000014 |
|---|---|---|---|
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

FAIR HAVEN BORO MUNICIPAL COURT
80 EAST RIVER RD
RUMSON          NJ  07760-0000
732-530-7131  COUNTY OF: MONMOUTH

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 1 | | 19FH03485 |

COMPLAINANT SGT      J DYKSTRA
NAME:    35 FISK STREET
         ATTN WARRANTS
         FAIR HAVEN       NJ  07701

### THE STATE OF NEW JERSEY
### VS.
PETER J FORSMAN

ADDRESS:
    101 HOPE ROAD

TINTON FALLS       NJ 07724-0000

DEFENDANT INFORMATION
SEX: M  EYE COLOR: BROWN        DOB: 12/02/1961
DRIVER'S LIC. #. F66606257112612        DL STATE:  NJ
SOCIAL SECURITY # xxx-xx-x865   SBI #:
TELEPHONE #:                    ( )
LIVESCAN PCN #:

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about **05/24/2019** in       **FAIR HAVEN BORO**            ,   **MONMOUTH**   County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, PURPOSELY CAUSE OR RECKLESSLY CREATE THE RISK OF PUBLIC INCONVENIENCE, ANNOYANCE OR ALARM BY SCREAMING "FUCK!" WHILE BEING ESCORTED FROM A PATROL VEHICLE INTO POLICE HEADQUARTERS.

In violation of:

| Original Charge | 1) **2C:33-2A(1)** | 2) | 3) |
|---|---|---|---|

| Check √ | Certification by Police Regarding Complaint-Summons |
|---|---|
| | I certify that I served the complaint-summons by delivering a copy to the defendant personally. |
| | I certify that I personally served the complaint-summons by leaving a copy at the defendant's usual place of abode with a competent member of the household of the age 14 or over _____ Name of family member over 14 years of age |
| ✔ | I certify that I mailed a copy of the complaint-summons by ordinary mail to the defendant at his or her last known address. **101 HOPE ROAD, TINTON FALLS, NJ 07724** Defendant's last known address |
| | I certify that I served the complaint-summons by delivering a copy to a person authorized to receive service of process on the defendant's behalf. _____ Name and title of authorized person |
| | Other manner of service: I certify that I served the complaint-summons in the following manner: _____ |
| | I certify that I was unable to serve the complaint-summons. |

Signed: **SGT J DYKSTRA FAIR HAVEN POLICE DEPT**   Date of Action: _____ **05/25/2019** _____
Name, Title and Department of Officer

## RETURN OF SERVICE INFORMATION

**Page 4 of 7**                    NJ/CDR1 1/1/2017

# Affidavit of Probable Cause

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **1313** | **S** | **2019** | **000014** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

**FAIR HAVEN BORO MUNICIPAL COURT**
**80 EAST RIVER RD**
**RUMSON          NJ  07760-0000**
**732-530-7131**   COUNTY OF: **MONMOUTH**

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 1 | | 19FH03485 |

COMPLAINANT **SGT    J DYKSTRA**
NAME:     **35 FISK STREET**
          **ATTN WARRANTS**
          **FAIR HAVEN          NJ  07701**

*THE STATE OF NEW JERSEY*
*VS.*
**PETER J FORSMAN**

ADDRESS:
  **101 HOPE ROAD**

**TINTON FALLS          NJ 07724-0000**

DEFENDANT INFORMATION
SEX: **M**  EYE COLOR: **BROWN**      DOB: **12/02/1961**
DRIVER'S LIC. #. **F66606257112612**          DL STATE: **NJ**
SOCIAL SECURITY #: **xxx-xx-x865**   SBI #:
TELEPHONE #:                    ( )
LIVESCAN PCN #:

Purpose: This Affidavit/Certification is to more fully describe the facts of the alleged offense so that a judge or authorized judicial officer may determine probable cause.

1. Description of relevant facts and circumstances which support probable cause that (1) the offense(s) was committed <u>and</u> (2) the defendant is the one who committed it:
**The defendant was in police custody subsequent to being arrested for Simple Assault. The defendant was observed by the undersigned recklessly creating the risk of public annoyance and alarm.**

# Affidavit of Probable Cause

| COMPLAINT NUMBER | | | | THE STATE OF NEW JERSEY |
|---|---|---|---|---|
| 1313 | S | 2019 | 000014 | *VS.* |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. | PETER J FORSMAN |

2. I am aware of the facts above because: (Included, but not limited to: your observations, statements of eyewitnesses, defendant's admission, etc.)

**The undersigned personally observed the offense.**

3. If victim was injured, provide the extent of the injury:

Certification:
I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: ___SGT J DYKSTRA LAW ENFORCEMENT OFFICER___     Date: _____05/25/2019_____

# Preliminary Law Enforcement Incident Report

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **1313** | **S** | **2019** | **000014** |
| COURT CODE | PREFIX | YEAR | SEQUENCE NO. |

## THE STATE OF NEW JERSEY
## *VS.*
### PETER J FORSMAN

FAIR HAVEN BORO MUNICIPAL COURT
80 EAST RIVER RD
RUMSON         NJ 07760-0000
732-530-7131 COUNTY OF: MONMOUTH

ADDRESS:
101 HOPE ROAD

TINTON FALLS          NJ 07724-0000

| # of CHARGES | CO-DEFTS | POLICE CASE #: |
|---|---|---|
| 1 | | 19FH03485 |

DEFENDANT INFORMATION
SEX: M  EYE COLOR: BROWN      DOB: 12/02/1961
DRIVER'S LIC. #. F66606257112612        DL STATE: NJ
SOCIAL SECURITY #: xxx-xx-x865    SBI #:
TELEPHONE #:          ( )
LIVESCAN PCN #:

COMPLAINANT
NAME: SGT    J DYKSTRA
35 FISK STREET
ATTN WARRANTS
FAIR HAVEN        NJ 07701

**Purpose: The Preliminary Law Enforcement Incident Report (PLEIR) is intended to document basic information known to the officer at the time of its preparation. It is recognized that additional relevant information will emerge as an investigation continues. The PLEIR shall be in addition to, not in lieu of, any regular police arrest, incident, or investigation reports. Note that the PLEIR is specific to each defendant charged in an investigation.**

-The complaining officer personally observed the offense.

-Another law enforcement officer(s) personally observed the offense, List the officer(s) and their badge#
  Ptl. Lagrotteria 1334

-The offense/incident was recorded using electronic/surveillance via:
    •Dash Camera/MVR/DIVR

-The defendant appeared to be under the influence of drugs or alcohol at the time of the offense.

Certification:
I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: ___ **SGT J DYKSTRA LAW ENFORCEMENT OFFICER** ___        Date: ___ 05/25/2019 ___

**Preliminary Law Enforcement Incident Report**
**Page 7 of 7**

# EXHIBIT C

Peter Forsman
MRN: 078455
Account#: 2300803614

# Riverview Medical Center
1 Riverview Plaza
Red Bank, NJ 07701
732-530-2204

**Discharge Instructions for:**        **Forsman, Peter**

**Arrival Date:**        **Saturday, May 25, 2019**

Thank you for choosing **Riverview Medical Center** for your care today. The examination and treatment you have received in the Emergency Department today have been rendered on an emergency basis only and are not intended to be a substitute for an effort to provide complete medical care. You should contact your follow-up physician as it is important that you let him or her check you and report any new or remaining problems since it is impossible to recognize and treat all elements of an injury or illness in a single emergency care center visit.

**Care provided by:**    Qumei, Khaldoon, MD

**Diagnosis:**          Shoulder Injury

| DISCHARGE INSTRUCTIONS | FORMS |
|---|---|
| SHOULDER IMMOBILIZER<br>SHOULDER SPRAIN - SPRAIN SHOULDER | None |
| **FOLLOW UP INSTRUCTIONS** | **PRESCRIPTIONS** |
| **Lisser, Steven, MD**<br>  When: Tuesday; Reason: Recheck today's<br>complaints | Naprosyn |
| **SPECIAL NOTES** | |
| None | |

**X-RAYS and LAB TESTS:**
If you had x-rays today they were read by the emergency physician. Your x-rays will also be read by a radiologist within 24 hours. If you had a culture done it will take 24 to 72 hours to get the results. If there is a change in the x-ray diagnosis or a positive culture, we will contact you if a change in treatment is needed. Please verify your current phone number prior to discharge at the check out desk.

During your visit today, if you had a CT scan and had contrast in your IV before the test, your kidneys may need help to remove the contrast from your body. To do this, be sure to drink at least several glasses of water every day for the next few days. Also, if you have been told to restrict fluids, please contact your doctor if you begin to feel ill.

**MEDICATIONS:**
If you received a prescription for medication(s) today, it is important that when you fill this you let the pharmacist know all the other medications that you are on and any allergies you might have. It is also important that you notify your follow-up physician of all your medications including the prescriptions you may receive today.

**Patient Copy**

Peter Forsman
MRN: 078455
Account#: 2300803614

## FOLLOW UP INSTRUCTIONS

Lisser, Steven, MD (Orthopedics)
   80 Oak Hill Road
   Red Bank, NJ 07701
   732-741-2313
   When: Tuesday
   Reason: Recheck today's complaints

## PRESCRIPTIONS

Naprosyn 375 mg Oral Tablet
   Take 1 tablet by ORAL route 2 times per day As needed take with food; Quantity: 10 tablet          Printed

## TESTS AND PROCEDURES

**Labs**
None

**Rad**
SHOULDER

**Procedures**
Pulse Ox, Pulse ox interpretation

**Other**
None



University
Radiology
Atlantic

MRI & MR Angiography
CT & CT Angiography
Ultrasound
Digital Mammography
DXA – Bone Density

**732.530.8989**

48 Gilbert Street North
Tinton Falls, NJ 07701

Online Scheduling:
**UniversityRadiology.com**

**Name:** PETER FORSMAN
**MRN:** 2137549
**DOB:** 12/02/1961
**Phone:** 732/245-1147
**Exam Date:** 08/07/2019
**Location:** Tinton Falls

DAVID V LOPEZ   MD
ORTHO & SPORTS MED SPECIALIST
3840 PARK AVE STE 101
EDISON, NJ 08820

**EXAM:** MR LEFT SHOULDER WITHOUT CONTRAST

**CLINICAL INDICATION:** Sprain of left rotator cuff capsule, initial encounter.

**TECHNIQUE:** Magnetic resonance imaging of the left shoulder was performed without intravenous contrast.

**COMPARISON:** No pertinent prior studies have been submitted for comparison.

**FINDINGS:**

JOINT FLUID/SYNOVIUM: There is a small joint effusion with synovitis in the rotator interval.

ROTATOR CUFF: There is moderate supraspinatus tendinosis with a focal high-grade partial-thickness bursal surface tear at the anterior leading edge of the tendon insertion measuring approximately 7 mm in AP dimension  (series 6 image 6 and 7 and series 4 images 15 and 16).  There is moderate infraspinatus tendinosis with a low-grade intrasubstance tear of the tendon insertion.  There is severe subscapularis tendinosis with an intermediate grade intrasubstance tear at the tendon insertion.  The teres minor tendon is intact.  No significant rotator cuff muscle atrophy.

BURSAE: There is a small amount of fluid within the subacromial/subdeltoid bursa.

BICEPS TENDON: Medial subluxation of the long head biceps tendon which is perched upon the lesser tuberosity.  There is intra-articular long head biceps tendinosis and partial-thickness tear.

JOINTS/BONES: There is a broad area of full-thickness cartilage loss along the inferior glenoid.  There is high-grade partial thickness cartilage loss of the inferior humeral head articular surfaces.  There are small marginal osteophytes.  There is degeneration of the glenoid labrum including a complex anteroinferior labral tear with adjacent synovitis.  There is mild to moderate acromioclavicular joint osteoarthritis.  There is a moderate sized subacromial enthesophyte.  There is no acute fracture or osseous stress response.  Bone marrow signal is unremarkable.

MUSCLES: No significant abnormalities.

OTHER: No other significant abnormalities.

**IMPRESSION:**

Left shoulder MRI demonstrates:

Mild glenohumeral joint osteoarthritis with a small joint effusion and areas of synovitis.

Moderate to severe rotator cuff tendinosis with a focal high-grade bursal surface tear of the anterior leading edge of the supraspinatus tendon insertion measuring approximately 7 mm in AP dimension.

Intrasubstance tear of the subscapularis tendon insertion resulting in medial subluxation of the long head biceps tendon which is perched upon the lesser tuberosity.



University
Radiology
Atlantic

MRI & MR Angiography
CT & CT Angiography
Ultrasound
Digital Mammography
DXA – Bone Density

**732.530.8989**

48 Gilbert Street North
Tinton Falls, NJ 07701

Online Scheduling:
**UniversityRadiology.com**

NAME : PETER FORSMAN    DOB : 12/02/1961    Exam Date : 08/07/2019 MRNO : 2137549

Intra-articular long head biceps tendinosis and partial-thickness tear.

Mild to moderate acromioclavicular joint osteoarthritis, mild subacromial/subdeltoid bursitis, and a moderate sized subacromial enthesophyte.

Thank you for the courtesy of this referral.
Electronic access to images available to referring providers online.
APPROVED BY: Brian Kennedy MD 8/8/2019 11:08 AM

Medical professionals may call 732-234-7777 to discuss this report or any other issue with a radiologist.

# EXHIBIT D

**Dillon J. McGuire**
Associate
dmcguire@pashmanstein.com
Direct: 201.488.0930



July 9, 2019

**VIA OVERNIGHT MAIL**
Hon. Lisa P. Thornton, A.J.S.C.
Superior Court of New Jersey
Monmouth Vicinage
71 Monument Park, 3rd Floor
Freehold, NJ 07728

                Re:     **State of New Jersey v. Peter J. Forsman**
                        Summons Nos.: S-2019-000014-1313 (Fair Haven)
                        S-2019-000028-1323 (Little Silver)

Dear Judge Thornton:

        This office represents Defendant Peter J. Forsman in the above matters.

        Enclosed for filing are the following original documents:

        (1) Notice of Motion to Dismiss as De Minimis Pursuant to N.J.S.A. 2C:2-11;
        (2) Letter brief in support of motion with Exhibits;
        (3) Certification of Service of the undersigned; and
        (4) Proposed form of Order.

                                        Respectfully submitted,

                                        DILLON J. MCGUIRE

DJM/veo
Enclosures
*cc via UPS:*
        AP Monica Do Outeiro
*cc via regular mail:*
        Hon. Peter Lucas, J.M.C.
        Anthony Vecchio, Esq.
        Hon. James E. Berube, Jr., J.M.C.
        James Butler, Esq.

Court Plaza South          Phone:  201.488.8200
21 Main Street, Suite 200  Fax:  201.488.5556
Hackensack, NJ 07601       www.pashmanstein.com

**UPS Internet Shipping: View/Print Label**

1. **Ensure there are no other shipping or tracking labels attached to your package.**   Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.**   Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

   **Customers without a Daily Pickup**
   Take your package to any location of The UPS Store®, UPS Access Point(TM) location, UPS Drop Box, UPS Customer Center, Staples® or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the 'Find Locations' Quick link at ups.com.
   Schedule a same day or future day Pickup to have a UPS driver pickup all of your Internet Shipping packages.
   Hand the package to any UPS driver in your area.

UPS Access Point™
RINCONCITO
340 MAIN ST
HACKENSACK ,NJ 07601

UPS Access Point™
THE UPS STORE
370 W PLEASANTVIEW AVE
HACKENSACK ,NJ 07601

UPS Access Point™
NJHAC-LOCKR-STOP & SHOP
380 W PLEASANTVIEW AVE
HACKENSACK ,NJ 07601

FOLD HERE



**UPS Internet Shipping: View/Print Label**

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

   **Customers without a Daily Pickup**
   Take your package to any location of The UPS Store®, UPS Access Point(TM) location, UPS Drop Box, UPS Customer Center, Staples® or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the 'Find Locations' Quick link at ups.com.
   Schedule a same day or future day Pickup to have a UPS driver pickup all of your Internet Shipping packages.
   Hand the package to any UPS driver in your area.

UPS Access Point™
RINCONCITO
340 MAIN ST
HACKENSACK ,NJ 07601

UPS Access Point™
THE UPS STORE
370 W PLEASANTVIEW AVE
HACKENSACK ,NJ 07601

UPS Access Point™
NJHAC-LOCKR-STOP & SHOP
380 W PLEASANTVIEW AVE
HACKENSACK ,NJ 07601

FOLD HERE



DILLON J. McGUIRE
ATTORNEY ID: 187602018
PASHMAN STEIN WALDER HAYDEN, P.C.
COURT PLAZA SOUTH
21 MAIN STREET, SUITE 200
HACKENSACK, NEW JERSEY 07601
(201) 488-0930
Attorneys for Defendant Peter J. Forsman

| | |
|---|---|
| **STATE OF NEW JERSEY**<br>*Plaintiff,*<br><br>v.<br><br>**PETER J. FORSMAN,**<br>*Defendant.* | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: MONMOUTH COUNTY**<br><br>**SUMMONS NOS.:**<br>**Little Silver –  S-2019-000028-1323**<br>**Fair Haven –   S-2019-000014-1313**<br><br>**CERTIFICATION OF SERVICE**<br>**NOTICE OF MOTION TO DISMISS AS**<br>**DE MINIMIS PURSUANT TO N.J.S.A. 2C:2-11** |

I, **DILLON J. McGUIRE**, of full age, deposes and says:

1.      I am an attorney at law of the State of New Jersey and an associate with the law firm of Pashman Stein Walder Hayden, P.C., counsel for Defendant Peter J. Forsman, in the above-captioned matter.

2.      On July 9, 2019, an original of the (1) Notice of Motion to Dismiss as De Minimis Pursuant to N.J.S.A. 2C:2-11; (2) Letter brief in support of motion with Exhibits; (3) Certification of Service of the undersigned; and (4) proposed form of Order were sent via <u>UPS Overnight Mail to</u> *the Hon. Lisa P. Thornton, A.J.S.C., Superior Court of New Jersey, Monmouth Vicinage, 71 Monument Park, 3rd Floor, Freehold, NJ 07728.*

3.      On July 9, 2019, true and accurate copies of the (1) Notice of Motion to Dismiss as De Minimis Pursuant to N.J.S.A. 2C:2-11; (2) Letter brief in support of motion with Exhibits; (3) Certification of Service of the undersigned; and (4) proposed form of Order were sent via <u>UPS Overnight Mail to</u> *AP Monica Do Outeiro, Monmouth County Prosecutor's Office, 132 Jerseyville Avenue, Freehold, NJ 07728.*

4.      On July 9, 2019, true and accurate copies of the (1) Notice of Motion to Dismiss

as De Minimis Pursuant to N.J.S.A. 2C:2-11; (2) Letter brief in support of motion with Exhibits;

(3) Certification of Service of the undersigned; and (4) proposed form of Order were sent <u>via</u>

<u>regular mail</u> to the following:


Hon. Peter Lucas, J.M.C.                         Anthony Vecchio, Esq.
Fair Haven Municipal Court                       Fair Haven Municipal Prosecutor
80 E. River Road                                 80 E. River Road
Rumson, NJ 07760                                 Rumson, NJ 07760

Hon. James E. Berube, Jr., J.M.C.                James Butler, Esq.
Little Silver Municipal Court                    Little Silver Municipal Prosecutor
480 Prospect Avenue                              480 Prospect Avenue
Little Silver, NJ 07739                          Little Silver, NJ 07739



        I hereby certify that the foregoing statements made by me are true. I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

July 9, 2019
                                                 _____
                                                 DILLON J. MCGUIRE

DILLON J. McGUIRE
PASHMAN STEIN WALDER HAYDEN, P.C.
COURT PLAZA SOUTH
21 MAIN STREET, SUITE 200
HACKENSACK, NEW JERSEY 07601
(201) 488-0930
ATTORNEY ID: 187602018

|  |  |
|---|---|
| STATE OF NEW JERSEY<br>*Plaintiff,*<br><br>v.<br><br>PETER J. FORSMAN,<br>*Defendant.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MONMOUTH COUNTY<br><br>SUMMONS NOS.:<br>Little Silver – S-2019-000028-1323<br>Fair Haven – S-2019-000014-1313<br><br>NOTICE OF MOTION TO DISMISS AS<br>DE MINIMIS PURSUANT TO N.J.S.A. 2C:2-11 |

Hon. Lisa P. Thornton, A.J.S.C.
Superior Court of New Jersey
Monmouth Vicinage
71 Monument Park, 3rd Floor
Freehold, NJ 07728

AP Monica Do Outeiro
Monmouth County Prosecutor's Office
132 Jerseyville Avenue
Freehold, NJ 07728

Hon. Peter Lucas, J.M.C.
Fair Haven Municipal Court
80 E. River Road
Rumson, NJ 07760

Anthony Vecchio, Esq.
Fair Haven Municipal Prosecutor
80 E. River Road
Rumson, NJ 07760

Hon. James E. Berube, Jr., J.M.C.
Little Silver Municipal Court
480 Prospect Avenue
Little Silver, NJ 07739

James Butler, Esq.
Little Silver Municipal Prosecutor
480 Prospect Avenue
Little Silver, NJ 07739

**PLEASE TAKE NOTICE** that on a date and time to be set by the court, the undersigned

attorney for defendant, Peter J. Forsman, shall make application to the Honorable Lisa P. Thornton,

A.J.S.C., Superior Court of New Jersey, Law Division, Monmouth County, for an Order

dismissing the above captioned summons as *de minimis* pursuant to N.J.S.A. 2C:2-11. Annexed

hereto is a brief in support of this Motion, and a proposed form of Order.

Oral argument is respectfully requested if this motion is opposed.

DILLON J. MCGUIRE

**Dillon J. McGuire**
Associate
dmcguire@pashmanstein.com
Direct: 201.488.0930



July 8, 2019

<u>**VIA OVERNIGHT MAIL**</u>
Hon. Lisa P. Thornton, A.J.S.C.
Superior Court of New Jersey
Monmouth Vicinage
71 Monument Park, 3rd Floor
Freehold, NJ 07728

  Re: <u>**State of New Jersey v. Peter J. Forsman**</u>
     Summons Nos.: S-2019-000014-1313 (Fair Haven)
           S-2019-000028-1323 (Little Silver)

Dear Judge Thornton:

    Please accept this letter brief in support of the annexed notice of motion to dismiss as *de minimis*, in lieu of a more formal submission.

<u>**PRELIMINARY STATEMENT**</u>

    Defendant, Perter J. Forsman, lives in Tinton Falls with his wife and 3 children (ages 18, 20, and 24), and has been a Monmouth County resident for more than 45 years.  He works as a Territory Sales Executive for Commvault, and also serves as an adjunct professor at Fairleigh Dickinson University teaching courses in e-commerce and property systems management.  Despite his busy schedule, Peter remains active in his community and also serves as a volunteer baseball and basketball coach in Tinton Falls.  Notably, Peter has never been arrested and enjoys close personal friendships with many police officers in his community.  Even after his spurious arrest, Peter maintains the utmost respect for police officers and the challenging job they perform. Nonetheless, he respectfully submits that his arrest in this matter should never have occurred.

---

Court Plaza South    | Phone:  201.488.8200
21 Main Street, Suite 200 | Fax:  201.488.5556
Hackensack, NJ 07601  | www.pashmanstein.com

State v. Forsman
July 8, 2019
Page 2



## STATEMENT OF FACTS

On May 24, 2019, at approximately 11:15 p.m., Mr. Forsman was a passenger in a vehicle driven by his friend, Chris Meyer. After Meyer made a right turn at the intersection of Harding Road and Rumson Road in Little Silver, NJ, which is controlled by a right turn light, he was pulled over by Officer Volker of the Fair Haven Police Department. Officer Volker claimed that he observed Meyer commit a motor vehicle violation in Fair Haven and followed him into Little Silver where the motor vehicle stop was eventually conducted. At all relevant times, Forsman was a lawfully seated passenger in Meyer's vehicle. During the stop, Meyer was asked to step out of his vehicle and perform several field sobriety tests. Following those tests, officers felt they had probable cause to arrest him for Driving While Intoxicated (DWI), contrary to N.J.S.A. 39:4-50.

At that point, Sergeant Dykstra of the Fair Haven Police Department approached Forsman and advised him that he had to get out and find another way home because the officers were impounding Meyer's vehicle. As Forsman opened the passenger side door of the vehicle to exit —as he was instructed to do—Sgt. Dykstra claims the door struck him in the chest. A review of the MVR video shows that Mr. Forsman merely cracked open his door before Sgt. Dykstra slammed it shut on him. See **Exhibit A**.[1] Sgt. Dykstra then advised Mr. Forsman to start walking and leave the scene of Meyer's arrest. Forsman asked Sgt. Dykstra a question instead of leaving right away and, in response, Sgt. Dykstra "grabbed Forsman's wrist and pulled him closer to the stopped vehicle in order to place him in handcuffs as he was now being arrested for simple assault."

---

[1]  The relevant portions of the MVR begin around 16 minutes into the file marked "2315" and about 11 minutes into the file marked "2321."

State v. Forsman
July 8, 2019
Page 3



Unbeknownst to the arresting officers, Forsman had a pre-existing shoulder injury that was exacerbated when he was handcuffed and put into the patrol car.

Although the alleged simple assault indisputably occurred in Little Silver, and Officer Scott Lorensen of the Little Silver Police Department was on scene to assist with the DWI stop, Forsman was ultimately arrested by Sgt. Dykstra and transported to Fair Haven Police Department to be booked and processed.[2] As Forsman was removed from the police cruiser at the Fair Haven Police Department, Officers attempted to assist him out of the car.  When they pulled his arm to help him get out, his injured shoulder popped back into place. The resultant pain caused him to reflexively scream out an expletive.  Notably, this took place as Forsman was in custody and being escorted into the Fair Haven Police Department, with just two officers present (Sgt. Dykstra and Officer Lagrotteria).  As a result of that involuntary expletive, Forsman was also charged with Disorderly Conduct, contrary to N.J.S.A. 2C:33-2a(1).  See **Exhibit B**.  As officers walked Mr. Forsman into headquarters to be processed, he explained that he had a torn labrum and that he was in a lot of pain.  In response, the Fair Haven Police Department called for medical assistance and Mr. Forsman was transported to Riverview Medical Center for an examination.  See **Exhibit C**.

Mr. Forsman has court dates in both the Little Silver and Fair Haven municipal courts on July 18, 2019.  Although there is also a consolidation motion that may be filed, as a practical matter, the present motion may obviate the need for consolidation.

---

[2]   There are concerns about Sgt. Dykstra's legal authority to arrest defendant for a disorderly persons offense which occurred outside of his jurisdiction.  N.J.S.A. 40A:14-152.

State v. Forsman
July 8, 2019
Page 4



## LEGAL ARGUMENT

The Disorderly Conduct charge pending against Forsman in the Fair Haven Municipal Court and the Simple Assault charge pending in the Little Silver Municipal Court should be dismissed as *de minimis* because the nature of his conduct, in view of the attendant circumstances: (1) was within a customary license or tolerance of the law defining Disorderly Conduct and Simple Assault, and (2) did not cause the harm sought to be prevented by the applicable statutes.

### 1.   The Factors to be Considered on a *De Minimis* Motion Weigh in Favor of Dismissal

The Legislature enacted a statute to permit the Court to dismiss matters that although are technical violations of the law, were trivial in nature.  The *de minimis* statute provides:

> The assignment judge may dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
>
> a.  was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
>
> b.  did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
>
> c.  presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense.
>
> The assignment judge shall not dismiss a prosecution under this section without giving the prosecutor notice and an opportunity to be heard. The prosecutor shall have a right to appeal any such dismissal.
>
> [N.J.S.A. 2C:11-2.]

State v. Forsman
July 8, 2019
Page 5



"When a de minimis motion is addressed it must be assumed that the conduct charged actually occurred." State v. Zarrilli, 216 N.J. Super. 231, 236 (Law Div.), aff'd, 220 N.J. Super. 517 (App. Div. 1987); see also State v. Brown, 188 N.J. Super. 656, 671 (Law Div. 1983), certif. den., 101 N.J. 280 (1985). "A de minimis motion is not the appropriate setting for a determination of guilt or innocence." Zarrilli, 216 N.J. Super. at 236; State v. Smith, 195 N.J. Super. 468 (Law Div. 1984) (explaining "[a] defendant's innocence may not be adjudicated by motion filed pursuant to the [de minimis] statute.").

"The Legislature in recognition of the serious consequences which may attend a conviction has granted this dismissal option to avoid an injustice in a case of technical but trivial guilt. The goal of a judge in exercising judicial discretion is a just result." Smith, 195 N.J. Super. at 477. "The concept of triviality or absurdity of a prosecution appears to be the touchstone for dismissal." Brown, 188 N.J. Super. at 674. "To determine triviality, a court should consider all relevant circumstances, though, the most important factor is the risk of harm the defendant's conduct posed to society." Ibid. (citing State v. Evans, 340 N.J. Super. 244, 253 (App. Div. 2001)).

Courts have taken a broad approach to triviality, taking into account all attendant circumstances, including:

> [1] the background, experience and character of the defendant which may indicate whether he knew or ought to have known of the illegality; [2] the knowledge of the defendant of the consequences to be incurred upon violation of the statute; the circumstances concerning the offense; [3] the resulting harm or evil, if any, caused or threatened by the infraction; [4] the probable impact of the violation upon the community; [5] the seriousness of the infraction in terms of punishment, bearing in mind that punishment can be suspended; [6] mitigating circumstances as to the offender; [7] possible improper motives of the complainant or prosecutor; and

State v. Forsman
July 8, 2019
Page 6



> [8] any other data which may reveal the nature and degree of the culpability in the offense committed by the defendant.

> [Ibid. (citing Smith, 195 N.J. Super. at 473).]

The most important factor, upon which a finding of triviality may often hinge, is the risk of society's exposure to harm from the defendant's conduct.  Evans, 340 N.J. Super. at 253 (citing Zarrilli, 216 N.J. Super. at 239).

In State v. Cabana, 315 N.J. Super. 84 (Law. Div. 1997), aff'd o.b., 318 N.J. Super. 259 (App. Div. 1999), the Superior Court dismissed Simple Assault charges against the Defendant.  In that matter, the Defendant was involved in a verbal altercation when he struck the alleged victim's chin with the knuckle of his index finger as he waved a political flier at her.  The Court reasoned that the conduct was *de minimis* in nature because:

> [t]aking complainant's facts as true, defendant's conduct was inappropriate and offensive, but less than assaultive behavior. The striking of Ms. Harris' chin was done in the context with hand gestures, i.e., the waving of the political flier, during a heated political confrontation. Defendant's conduct under the de minimis statute is not viewed in isolation, but coupled with the surrounding circumstances which play an integral part herein to explain the what, why and how of defendant's intent.  The contact was incidental to the heated exchange. It was an offensive touching, not sufficiently serious to warrant criminal prosecution.

> [Id. at 819.]

Thus, the Cabana court held that there is no simple assault "where the contact was incidental to the sequence of events rather than the result of assaultive intent."  Id. at 88.

State v. Forsman
July 8, 2019
Page 7



## 2.   <u>The Simple Assault Charge Against Forsman Must be Dismissed as *De Minimis*</u>

Mr. Forsman was charged with Simple Assault for accidentally bumping Sgt. Dykstra with his car door, after he was told to get out of the vehicle and find another way home.  There was no intent to cause or attempt to cause any type of bodily harm to Sgt. Dykstra.  To the contrary, Forsman was complying with Sgt. Dykstra's commands to exit the vehicle.  For the reasons below, Mr. Forsman respectfully submits that the Simple Assault charge pending in the Little Silver Municipal Court should be dismissed as *de minimis*.

The Simple Assault statute, N.J.S.A. 2C:12-1(a), prohibits one from causing, or attempting to cause, bodily injury on another.  Specifically, the statute provides:

> a. Simple assault. A person is guilty of assault if he:
>
> (1) Attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or
>
> (2) Negligently causes bodily injury to another with a deadly weapon; or
>
> (3) Attempts by physical menace to put another in fear of imminent serious bodily injury.
>
> Simple assault is a disorderly persons offense unless committed in a fight or scuffle entered into by mutual consent, in which case it is a petty disorderly persons offense.
>
> [N.J.S.A. 2C:12-1(a).]

In the present case, Mr. Forsman committed absolutely no crime as he sat in the passenger seat of Mr. Meyer's vehicle.  When Sgt. Dykstra approached him to tell him that the car was being impounded and that he would need to find another way home, he did what anyone would have done – he started to open the door.  The MVR videos, attached hereto as **Exhibit A**, shows Sgt.

State v. Forsman
July 8, 2019
Page 8



Dykstra extend his hand to stop the car door, before slamming it shut on Mr. Forsman in an aggressive manner.  The video itself demonstrates that Mr. Forsman in no way intended to assault Sgt. Dykstra.  Indeed, like the Defendant in <u>Cabana</u>, Mr. Forsman's accidental bump into Sgt. Dykstra was incidental to the sequence of events, rather than the result of assaultive intent.

Surely, an accidental bump with a car door is not the type of conduct that our Legislature sought to prevent under the Simple Assault statute, and is not the type of "harm or evil sought to be prevented by the law defining the offense."  N.J.S.A. 2C:11-2(b).  In light of the totality of circumstances surrounding his arrest and the trivial nature of his conduct, Mr. Forsman respectfully submits that the Simple Assault charge pending against him in the Little Silver Municipal Court must be dismissed as *de minimis*.

### 3.   The Disorderly Conduct Charge Against Forsman Must Be Dismissed as De Minimis

Mr. Forsman also stands charged with Disorderly Conduct, contrary to N.J.S.A. 2C:33-2(a)(1).[3]  That charge was the result of an expletive uttered by Mr. Forsman when his preexisting shoulder injury was unknowingly exacerbated by the arresting officers.  As above, Mr. Forsman's conduct falls far short of the type of harm sought to be prevented by our Legislature under the Disorderly Conduct statute.

The Disorderly Conduct statute provides in pertinent part:

> b. Offensive language. A person is guilty of a petty disorderly persons offense if, in a public place, and with purpose to offend the sensibilities of a hearer or in reckless disregard of the probability of

---

[3]   It should be noted that Mr. Forsman was charged under subsection (a)(1), which prohibits individuals from engaging in "fighting or threatening, or violent or tumultuous behavior."  The complaint, however, does not allege that he engaged in any such conduct.  Presumably, the State intended to charge Mr. Forsman under subsection (b).

State v. Forsman
July 8, 2019
Page 9



so doing, he addresses unreasonably loud and offensively coarse or
abusive language, given the circumstances of the person present and
the setting of the utterance, to any person present.

[N.J.S.A. 2C:33-2(b).]

"Courts are attuned to gauge the reasonableness of a policeman's actions in citizen-police
confrontations and to sort out police behavior which is lawful and proper from that which is not."
State v. Lashinsky, 81 N.J. 1, 10 (1979).  In that regard, an individual may not be arrested for
disorderly conduct solely because the arresting officer finds the individual's behavior annoying.
Ibid.

In State v. Rosenfield, 62 N.J. 594 (1973), our Supreme Court affirmed the Appellate
Division's reversal of a defendant's Disorderly Conduct conviction, based upon his use of the word
"F***" at a public meeting in the Borough of Hightstown. The meeting had been convened to
discuss several racial issues that had been occurring in the Borough.  During the course of the
meeting, the defendant stated that if the racial issues weren't addressed "then the Mother F . . . ing
town, the M.F. county, the M.F. state and the M.F. country would burn down." Id. at 596.
Ultimately, the defendant was arrested and charged with Disorderly Conduct for using "'loud and
indecent language' at a public meeting, by using the words M.F. four times 'in front of the public
and the complainant[.]'" Ibid.  Justice Jacobs, writing for a unanimous Court, cited the United
State Supreme Court's holding that "the state could not constitutionally, under a blanket
prohibition as here, excise an offensive word from the public vocabulary or discourse in order 'to
protect the sensitive.'" Id. at 600 (citing Cohen v. California, 403 U.S. 15, 21-25 (1971)).

State v. Forsman
July 8, 2019
Page 10



Ultimately, the Court held that the defendant had not committed Disorderly Conduct by merely using an expletive in a public setting.

Twelve years later, after Title 2C had been adopted, our Appellate Division had occasion to revisit the scope of the newly amended Disorderly Conduct statute.  In State in Interest of H.D., 206 N.J. Super. 58 (App. Div. 1985), the appellate panel noted that N.J.S.A. 2C:33-2(b), prohibiting the public use of offensive language, did not reflect "any significant modification of the constitution[al] reading . . . found to be 'no longer viable.'" Id. at 60-61.  Thus, the panel held that

> In our view, the two standards are practically identical, and we conclude that the defect of overbreadth found fatal to the validity of the predecessor statute, N.J.S.A. 2A:170–29(1), inheres in N.J.S.A. 2C:33–2(b).
>
> [Id. at 61 (emphasis added).]

**"It follows, therefore, that there is no valid statutory authority for prosecutions based upon the public use of coarse or abusive language which does not go beyond offending the sensibilities of a listener."** Ibid. (emphasis added).

In the present case Mr. Forsman was charged with Disorderly Conduct based upon his involuntary utterance of the word "F***" not at a public meeting or in a crowded park, but in front of two police officers in the sally port of the Fair Haven Police Department.  Even assuming, *arguendo*, that saying an expletive could establish a basis for a Disorderly Conduct charge (which both the United States and New Jersey Supreme Courts have held unconstitutional), Mr. Forsman was simply not in a "public place" as required under N.J.S.A. 2C:33-2.

State v. Forsman
July 8, 2019
Page 11



The charge is particularly nonsensical given the multitude of expletives espoused by the Fair Haven police officers as they placed Mr. Forsman under arrest. When Sgt. Dykstra approached Mr. Forsman as he was seated in the vehicle, he asked Forsman if he had another ride home. Mr. Forsman responded that he would walk home, and began to open his door to exit the vehicle.  At that point, the following exchange occurred:

Sgt. Dykstra:   You kidding me?

Mr. Forsman:   What are you talking about?

Sgt. Dykstra:   I'm talking about hitting me with the f***ing door.

Mr. Forsman:   I'm sorry I –

Sgt. Dykstra:   You want a problem?

Mr. Forsman:   I didn't hit you.

Sgt. Dykstra:   You absolutely did. You want to get hit with an assault?

Mr. Forsman:   No.

Sgt. Dykstra:   Then you can walk home. Walk home.

Mr. Forsman:   Thank you. Do you know John Scrivanic?

Sgt. Dykstra:   Take a walk.

Mr. Forsman:   Do you know John Scrivanic? (begins walking away)

Sgt. Dykstra:   Where do you think you're going? Put your hands behind your back! Put your f***king hands behind your back! You're getting locked up for simple assault, no aggravated assault rather.

Mr. Forsman:   For what?

State v. Forsman
July 8, 2019
Page 12

**PashmanStein**
**WalderHayden**
A Professional Corporation

Sgt. Dykstra:   For opening the door and hitting me with it.  Put your
f***ing hand down.

By contrast, after Mr. Forsman was arrested, the patrol car pulled into the sally port at Fair Haven

Police Department and the officers attempted to remove Mr. Forsman from the car by grabbing his

arm.  At that point, Mr. Forsman's shoulder popped back into place, causing him to scream out an

expletive in pain.  He then advised the officers that he had a torn labrum and that he was in pain

from having his hands cuffed behind his back.  As a result, the Fair Haven police called for a first

aid squad, and Mr. Forsman was transported to Riverview Medical Center for an examination.  See

**Exhibit C**.

The Disorderly Conduct charge against Mr. Forsman must be dismissed as *de minimis*.

Simply stated, his conduct did not cause or threaten the harm sought to be prevented by N.J.S.A.

2C:33-2, and cannot be reasonably regarded as envisaged by the Legislature when it enacted the

statute.

## CONCLUSION

In view of the foregoing, and based on the authorities cited above and the totality of

circumstances surrounding Mr. Forsman's arrest, it is respectfully requested that this Court dismiss

the Simple Assault charge in Little Silver and the Disorderly Conduct charge in Fair Haven as *de

minimis* pursuant to N.J.S.A. 2C:11-2(a)-(c).

Respectfully submitted,

DILLON J. MCGUIRE

# EXHIBIT E



# OFFICE OF THE COUNTY PROSECUTOR
## COUNTY OF MONMOUTH

132 JERSEYVILLE AVENUE
FREEHOLD, NJ 07728-2374

**(732) 431-7160**

LORI LINSKEY
FIRST ASSISTANT PROSECUTOR

MICHAEL J. WOJCIECHOWSKI
DEPUTY FIRST ASSISTANT PROSECUTOR

JOHN G. McCABE, JR.
CHIEF OF DETECTIVES

CHRISTOPHER J. GRAMICCIONI
MONMOUTH COUNTY PROSECUTOR

July 16, 2019

Honorable Lisa P. Thornton, A.J.S.C.
Monmouth County Courthouse
71 Monument Park
Freehold, New Jersey 07728

      Re:  State of New Jersey v. Peter J. Forsman
           Motion No. MO-2019-07-0522
           Motion to Dismiss as <u>De Minimis</u>
           <u>Returnable: To Be Determined</u>

Dear Judge Thornton:

     The State is in receipt of the above-captioned motion, by which defendant seeks dismissal of a Little Silver and a Fair Haven complaint-summons pursuant to N.J.S.A. 2C:2-11. The State is well versed in the governing statute and its explanatory precedent, <u>see</u>, <u>e.g.</u>, <u>State v. Evans</u>, 340 N.J. Super. 244, 248 (App. Div. 2001); <u>State v. Zarrilli</u>, 216 N.J. Super. 231, 236 (Law Div.), <u>aff'd</u>, 220 N.J. Super. 715 (App. Div. 1987).

     The State has had the opportunity to review defendant's submissions, inclusive of a video recording of the conduct at issue. It is the State's belief that application of the above-listed precedent to the facts warrant a finding of a <u>de minimis</u> infraction and the dismissal of these complaint-summonses. The State, therefore, does not oppose defendant's motion and is satisfied to leave its disposition in Your Honor's sound discretion.

                  Respectfully Submitted,

                  CHRISTOPHER J. GRAMICCIONI
                  MONMOUTH COUNTY PROSECUTOR

                  By: Monica do Outeiro
                  Assistant Prosecutor
                  Director, Appellate Section

c     Dillon J. McGuire, Esq.

# EXHIBIT F

# SUPERIOR COURT OF NEW JERSEY
## MONMOUTH VICINAGE

**GURPREET M. SINGH, ESQ.**
Trial Court Administrator



<div align="right">

**KRISTY SMITH**
Criminal Division Manager

**THERESA ROMANO**
Assistant Criminal Division Manager
**MICHAEL MAZZA**
Assistant Criminal Division Manager Pretrial Services
Telephone 732-358-8700 x87421
732-358-8700 x87415
Fax      732-358-5338

</div>

July 22, 2019

Dillon McGuire, Esq.
Court Plaza South
21 Main Street
Suite 200
Hackensack, NJ 07601

RE: State of New Jersey v. Peter Forsman
    Miscellaneous No. M2019-871

Dear Mr. McGuire:

Attached please find a signed court order dated, July 19, 2019, by Judge Lisa P. Thornton, AJSC, with regards to the above matter.

*Heather Cleary*

Heather Cleary, Judiciary Clerk II
Criminal Division

cc:    File
       Monmouth County Prosecutor's Office
       Fair Haven Municipal Court/Prosecutor
       Little Silver Municipal Court/Prosecutor

DILLON J. McGUIRE
PASHMAN STEIN WALDER HAYDEN, P.C.
COURT PLAZA SOUTH
21 MAIN STREET, SUITE 200
HACKENSACK, NEW JERSEY 07601
(201) 488-0930
ATTORNEY ID: 187602018



STATE OF NEW JERSEY,                    SUPERIOR COURT OF NEW JERSEY
                                        MONMOUTH COUNTY
                    Plaintiff,          LAW DIVISION, CRIMINAL PART
                                        DOCKET NO. M2019-871
v.

PETER J. FORSMAN,

                    Defendant.

**THIS MATTER** having been opened to the court by Dillon J. McGuire, attorney for

defendant, Peter J. Forsman, for an Order dismissing as *de minimis* summons S-2019-000028-

1323 pending in the Little Silver Municipal Court, and summons S-2019-000014-1313, pending

in the Fair Haven Municipal Court, and the Monmouth County Prosecutor's Office having been

served with defendant's motion and consented that the "facts warrant a finding of a *de minimis*

infraction and the dismissal of these complaint-summonses, and with good cause having been

shown;

**IT IS** on this ___19th___ day of July 2019;

**ORDERED** that summons S-2019-000028-1323 pending in the Little Silver Municipal

Court, and summons S-2019-000014-1313, pending in the Fair Haven Municipal Court, are hereby

dismissed as *de minimis*, by consent of the Monmouth County Prosecutor's Office. The accidental

and incidental contact with the officer by opening an automobile door when exiting a vehicle is

not the harm or evil sought to be prevented by the Legislature under N.J.S.A. 2C:12-1. Further,

the video of the incident displays that the circumstances surrounding the alleged offense support

the triviality or the conduct, as well as defendant's lack of knowledge of the consequences of the

act, and lack of knowledge that he violated the law. Also, involuntarily saying a single explicative

out of pain when an individual has his shoulder put back into socket in the sally port of the Fair

Haven Police Department is not the harm of evil sought to be prevented by the Legislature under

N.J.S.A. 2C:33-2(b) since a sally port is not a public place, and an involuntary single explicative

said out of pain does not have the purpose to offend; and

    **IT IS FURTHER ORDERED** that a copy of this order shall be served upon all parties

within seven (7) days of the date this Order is signed.

_Lisa R Thornton_

<u>LISA P. THORNTON A.J.S.C.</u>

___ OPPOSED

_X_ UNOPPOSED

# EXHIBIT G

File # _____
Clmt: _____

## NOTICE OF CLAIM

THIS CLAIM FORM MUST BE FILED WITHIN NINETY (90) DAYS OF ACCIDENT/OCCURRENCE OR
YOU MAY FORFEIT YOUR RIGHTS PURSUANT TO N.J.S.A. 59:1 ET SEQ

FORWARD TO: BOROUGH OF FAIR HAVEN
748 RIVER ROAD
FAIR HAVEN, NJ 07704

1. CLAIMANT

| Forsman | Peter | | 732-245-1147 |
|---------|-------|--------|--------------|
| Last | First | Middle | (Area Code) Phone # |

101 Hope Road
_____
Street Address                          Additional Address

| Tinton Falls, NJ  07724 | 12/02/1961    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 |
|--------------------------|----------------------------|
| City, State, Zip Code | D/O/B          SS# |

2. IF NOTICE AND CORRESPONDENCE IN CONNECTION WITH THIS CLAIM ARE TO BE
SENT TO A PERSON OTHER THAN CLAIMANT, PLEASE COMPLETE ITEM #2:

| McGuire | Dillon | J. (Attorney at Law) | 201-488-8200 |
|---------|--------|----------------------|--------------|
| Last | First | Middle | (Area Code) Phone # |

| 21 Main Street, Ste. 200 | Pashman Stein Walder Hayden, PC |
|--------------------------|--------------------------------|
| Street Address | Additional Address |

| Hackensack, NJ 07601 | N/A |
|----------------------|-----|
| City, State, Zip Code | D/O/B          SS# |

3. A) THE OCCURRENCE OR ACCIDENT WHICH GAVE RISE TO THIS CLAIM:

| May 24, 2019 | 11:16 p.m. |
|--------------|------------|
| Date | Time |

B) DESCRIBE THE LOCATION OR PLACE OF THE ACCIDENT OR OCCURRENCE:

| Little Silver, New Jersey | Near intersection of Harding Road and Rumson Road |
|---------------------------|---------------------------------------------------|
| Municipality | Exact Location |

1

File # _____
Clmt: _____

C) DESCRIBE HOW THE ACCIDENT OR OCCURRENCE HAPPENED. IF A
   DIAGRAM WILL ASSIST YOUR EXPLANATION, PLEASE USE THE REVERSE
   SIDE OF THIS FORM:

Serqeant Dykstra of the Fair Haven Police Department claimed Mr. Forsman
struck him with his car door, and arrested Forsman for simple assault.
Sergeant Dykstra and Officer Lorensen of the Little Silver PD used a
compliance hold while arresting Mr. Forsman which was completely uncalled for.
As a result, Mr. Forcman suffered severe pain and injury to his shoulder and wrist.

D) STATE THE NAME, ADDRESS OF THE MUNICIPALITY OR AGENCY THAT
   YOU CLAIM CAUSED YOUR DAMAGE:

Fair Haven Police Department - 35 Fist Street, Fair Haven, NJ  07704

Little Silver Police Department - 48O Prospect Avenue, Little Silver, NJ 07739

E) STATE THE NAMES OF MUNICIPALITY'S EMPLOYEES WHOM YOU CLAIM
   WERE AT FAULT, INCLUDING ANY INFORMATION THAT WILL ASSIST IN
   IDENTIFYING THEM:

Sergeant Jesse J. Dykstra - Fair Haven Police Department

Patrol Officer Scott Lorensen - Little Silver Police Department

F) STATE IN DETAIL EACH AND EVERY NEGLIGENT OR WRONGFUL ACT OF
   THE MUNICIPALITY EMPLOYEES WHICH CAUSED YOUR DAMAGE:

Sqt. Dvkstra and Officer Lorensen pulled. twisted, and wrenched Mr. Forsman's
arm using an unsanctioned compliance hold, while unlawfully arresting
Mr. Forstman - not only on baseless charges, but outside of Sgt. Dykstra's
jurisdiction

2

File # _____
Clmt: _____

G) STATE THE NAME AND ADDRESS OF ALL WITNESSES TO THE ACCIDENT OR OCCURRENCE:

Chris Meyer - 107 Cloverdale Circle, Tinton Falls, NJ 07724

___Officer Michael Volker - Fair Haven Police Department___

___Officer William Lagrotteria - Fair Haven Police Department___

_____

H) IF VEHICLE ACCIDENT, STATE THE NAMES, ADDRESS, AGE AND RELATIONSHIP TO INSURED OF ALL PASSENGERS IN YOUR VEHICLE:

N/A

_____

_____

_____

I) STATE THE NAMES OF ALL POLICE OFFICERS AND POLICE DEPARTMENTS WHO INVESTIGATED THE ACCIDENT:

Officers Volker, Dykstra, and Laqrotteria of the Fair Haven Police Department

___Officer Scott Lorensen of the Little Silver Police Department___

_____

_____

4.   A) CLAIM FOR DAMAGES (CHECK APPROPRIATE BOX):

XX_BODILY INJURY          ___PROPERTY DAMAGE          ___OTHER (EXPLAIN)

_____

_____

_____

_____

_____

_____

3

File # _____
Clmt: _____

B)    1. IF YOU CLAIM INJURY, DESCRIBE YOUR INJURIES RESULTING FROM THIS ACCIDENT OR OCCURRENCE:

Mr. Forsman suffered severe injuries to his left shoulder and wrist as a result of Sgt. Dykstra's unlawful use of excessive force. He has since been treated by an orthopedic specialist, and has been in physical therapy. Surgical intervention may be necessary to repair his shoulder injury. In addition, Mr. Forsman suffered an injury to his right wrist. This injury continues to cause him significant pain.

2. DO YOU CLAIM PERMANENT DISABILITY RESULTING FROM THIS INJURY?    __xxx__ YES     _____ NO

IF YES, DESCRIBE THE INJURIES BELIEVED TO BE PERMANENT:

Even with treatment and possible surgical intervention, Mr. Forsman has and will continue to suffer from substantial shoulder pain. The doctor (Dr. Lopez) treating Mr. Forsman has no idea when or if the pain in the right wrist will subside. It is described as significant nerve damage that may or may not respond to treatment.

3. FOR EACH HOSPITAL, DOCTOR, OR OTHER PRACTITIONER RENDERING TREATMENT, EXAMINATION OR DIAGNOSTIC SERVICE, STATE:

| NAME & ADDRESS OF HOSPITAL, DOCTOR OR OTHER FACILITY | DATES OF TREATMENT | AMOUNT OF CHARGED TO DATE | AMOUNT PAID OR PAYABLE BY OTHER INSURANCE |
|---|---|---|---|
| A) Riverview Medical Center Red Bank, NJ | 5/24/19 | $739.50 | $0 |
| B) Emergency Physician Ass. 3585 Ridge Park Dr., Akron OH | 5/25/19 | $1143 | $0 |
| C) Dr. David Lopez 200 White Road, Little Silver, NJ | 6/3/19, 7/24/19, ongoing | $3000+ | $0 |
| D) | | | |

4

File # _____
Clmt: _____

4. IF YOU CLAIM LOSS OF WAGES OR INCOME AS A RESULT OF THE
   INJURY, STATE:

N/A

------------------------------------------       ------------------------------------------
Name of Employer                                 Address

------------------------------------------       ------------------------------------------
Your Occupation                                  Date Employed at this job

------------------------------------------       ------------------------------------------
Rate of Pay                                      Dates of Absences from Work

**Note:** IF YOUR CLAIMED LOSS OF INCOME ARISES FROM SELF-EMPLOYMENT OR
OTHER THAN WAGE, ATTACH A CALCULATION ON THE BASIS OF YOUR
CALCULATION OF LOSS INCOME.

5. SET FORTH ANY AND ALL OTHER LOSSES OR DAMAGES CLAIMED
   BY YOU:

------------------------------------------------------------------------------
------N/A---------------------------------------------------------------------
------------------------------------------------------------------------------

C)   IF YOU CLAIM PROPERTY DAMAGE:

1. DESCRIBE THE PROPERTY DAMAGED; IF VEHICLE, INCLUDE MAKE,
   MODEL, YEAR, COLOR, VEHICLE IDENTIFICATION NUMBER, LICENSE
   PLATE NUMBER, STATE AND PARTS OF VEHICLE DAMAGED:

------------------------------------------------------------------------------
------------------------------------------------------------------------------
------N/A---------------------------------------------------------------------
------------------------------------------------------------------------------
------------------------------------------------------------------------------

2. THE PRESENT LOCATION AND TIME THE PROPERTY CAN BE
   INSPECTED:

------------------------------------------------------------------------------
------N/A---------------------------------------------------------------------
------------------------------------------------------------------------------

File # _____
Clmt: _____

3.  DATE PROPERTY WAS ACQUIRED:

N/A

4.  COST OF PROPERTY:

N/A

5.  VALUE OF PROPERTY AT THE TIME OF ACCIDENT:

N/A

6.  DESCRIPTION OF DAMAGE:

N/A

7.  HAS THE DAMAGE BEEN REPAIRED?      _____ YES      _____ NO
    IF YES, BY WHOM, AND COST OF REPAIRS:

N/A

8.  ATTACH EACH ESTIMATE OF REPAIR COST TO THIS FORM.      N/A

9.  SET FORTH IN DETAIL THE LOSS CLAIM BY YOU FOR PROPERTY
    DAMAGE:

N/A

D)  SET FORTH IN DETAIL ALL OTHER ITEMS OF LOSS OR DAMAGES
    CLAIMED BY YOU AND THE METHOD BY WHICH YOU MADE THE
    CALCULATIONS:

N/A

5) THE AMOUNT OF THE CLAIM:

N/A

6

File # _____
Clmt: _____

6)   HAVE YOU MADE A CLAIM AGAINST ANYONE ELSE FOR ANY OF THE
     LOSSES OR EXPENSES CLAIMED IN THIS NOTICE?
     _____ YES        _____ NO

     IF YES, SET FORTH THE NAMES AND ADDRESSES OF ALL PERSONS AND
     THE INSURANCE COMPANIES AGAINST WHO YOU HAVE MADE SUCH
     CLAIMS:

     _____
                    N/A
     _____
     _____
     _____

7)   ARE ANY OF THE LOSSES OR EXPENSES CLAIMED HEREIN COVERED BY ANY
     POLICY OF INSURANCE?       _____ YES    _____ NO

     FOR EACH SUCH POLICY, STATE THE NAME AND ADDRESS OF THE
     INSURANCE COMPANY, POLICY NUMBER AND BENEFITS PAID OR PAYABLE:

     _____
     _____
     _____N/A_____
     _____

8)   HAVE YOU RECEIVED OR AGREE TO RECEIVE ANY MONEY FROM ANYONE
     FOR DAMAGES CLAIMED HEREIN?        _____ YES     _____ NO

     IF YES, SET FORTH THE DETAILS OF SUCH AGREEMENT:

     _____
     _____
     _____N/A_____
     _____
     _____

File # _____
Clmt: _____

9)      **THE FOLLOWING ITEMS MUST BE SUBMITTED WITH THIS NOTICE:**
        Attached and will be supplemented.
    1.  COPIES OF ITEMIZED BILLS FOR EACH MEDICAL EXPENSE AND OTHER
        LOSSES AND EXPENSES CLAIMED.
    2.  FULL COPIES OF ALL APPRAISALS AND ESTIMATES OF PROPERTY
        DAMAGE CLAIMED BY YOU.
    3.  COPIES OF ALL WRITTEN REPORTS OF ALL EXPERT WITNESSES AND
        READING PHYSICIANS.
    4.  A LETTER FROM YOUR EMPLOYER VERIFYING YOUR LOST WAGES. IF
        SELF-EMPLOYED, A STATEMENT SHOWING CALCULATIONS OF YOUR
        LOST INCOME.

I HEREBY CERTIFY THAT THE FOREGOING STATEMENTS MADE BY ME ARE TRUE.
THAT THE ATTACHED STATEMENTS, BILLS, REPORTS AND DOCUMENTS ARE THE
ONLY ONE KNOWN TO ME TO BE IN EXISTENCE AT THIS TIME. I AM AWARE THAT
IF ANY STATEMENT MADE HEREIN IS WILLFULLY FALSE OR FRAUDULENT, I AM
SUBJECT TO PUNISHMENT AS PROVIDED BY LAW.


_____          _____
DATED                                    CLAIMANT OR PERSON FILING ON BEHALF OF CLAIMANT


                                         _____
                                         PRINT NAME AS SIGNED ABOVE

8

File # _____
Clmt: _____

### HIPAA COMPLIANT AUTHORIZATION
### TO DISCLOSE HEALTH INFORMATION

PLEASE PROVIDE AN AUTHORIZATION FOR EACH MEDICAL PROVIDER

PATIENT NAME:  Peter J. Forsman

ADDRESS:  101 Hope Road

Tinton Falls, NJ  07724

SS#:  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

DOB:  12/02/1961

I hereby authorize the below listed physician/medical provider/hospital to release ANY AND ALL RECORDS IN THEIR POSSESSION PERTAINING TO ME, included but not limited to: medical office, and/or treatment records; office notes, treatment examination and/or consultation reports, diagnostic test results, x-ray, MRI and CT films and reports from: THE PAST (5) YEARS.

Provider Name and Address: _____
_____
_____
_____

This information may be disclosed to:
The New Jersey Intergovernmental Insurance Fund Claims Department and/or its Representatives
C/O Inservco Insurance Services
PO Box 1457
Harrisburg, PA 17105-1457

For the purpose of: I AM A CLAIMANT IN A PERSONAL INJURY MATTER.
I understand that I have the right to revoke this authorization at any time. I understand that my revocation must be in writing and addressed to the privacy office of the above named facility authorized to make this disclosure. I understand that the revocation does not apply to information that has already been released in response to this authorization. Unless otherwise revoked, this authorization will expire on the following date: 6 months.

I understand that any disclosure of information may be subject to re-disclosure by the recipient and may no longer be protected by federal or state law. I understand that I need to sign this authorization to assure treatment. I understand that I may inspect and/or copy the information to be disclosed. I understand that authorizing this disclosure is voluntary. I understand that if I have any questions about disclosure of my health information, I may contact the privacy officer at the facility listed above that is authorized to disclose this information.

I understand that my health records may include information pertaining to treatment of drug and alcohol abuse, mental illness, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV), sexually transmitted diseases, tuberculosis or genetics. **If you do not wish this information to be released, please initial: DO NOT RELEASE** _____.

_____       _____
Signature of Patient or Authorized Representative          Date

_____       _____
Description of Representative's Authority                  Signature of Witness
(Witness signature required)

9

BOROUGH OF LITTLE SILVER
480 PROSPECT AVENUE
LITTLE SILVER, NEW JERSEY  07739

# NOTICE OF TORT CLAIM

CLAIMANT INFORMATION

Name   Forsman          Peter                    Telephone  732-245-1147

Address       101 Hope Road                      Date of Birth   12/02/1961

            Tinton Falls, NJ  07724              SSN   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

ATTORNEY INFORMATION (if applicable)

Name   McGuire    Dillon    J. (Attorney at Law)    201-488-8200
                                                 Telephone

Address  21 Main Street, Ste. 200                        201-488-5556
         Pashman Stein Walder Hayden, PC         TeleFAX

                                                 File No.
         Hackensack, NJ 07601


Send Notices to:  _____ Claimant   xxx  Attorney

**GENERAL INSTRUCTIONS:** Pursuant to the provisions of the New Jersey Tort Claims Act, this Notice of Tort Claim form has been adopted as the official form for the filing of claims against the Township of AnyTown.

The questions are to be answered to the extent of all information available to the Claimant or to his or her attorneys, agents, servants, and employees, under oath. The fully completed Claim Form and the documents requested shall be returned to the

ADMINISTRATOR
BOROUGH OF LITTLE SILVER
480 PROSPECT AVENUE
LITTLE SILVER, NEW JERSEY  07739

**NOTE CAREFULLY:**   Your claim will not be considered filed as required by the New Jersey Tort Claims Act until this completed form has been filed with the Township of AnyTown. Failure to provide the information requested, including such responses as "To Be Provided" or "Under Investigation" will result in the claim being treated as not being properly filed.

Timely Notices of Claim must be filed within 90 days after the incident giving rise to the claim.

This form is designed as a general form for use with respect to all claims. Some of the questions may not be applicable to your particular claim. For example, if your claim does not arise out of an automobile accident, questions regarding road conditions might not be applicable. In that event, please indicate "Not Applicable".

If you are unable to answer any question because of a lack of information available to you, specify the reason the information is not available to you. If a question asks that you identify a document, it will be sufficient to furnish true and legible copies. Where a question asks that you "identify all persons," provide the name, address and telephone number of the person.

If you need more space to provide a full answer, attach supplementary pages, identifying the continuation of the answer with the number of the applicable question.

DEFINITIONS:

"Claimant" shall refer to the person or persons on whose behalf the Notice of Claim has been filed with the Township of AnyTown.

"Documents" shall refer to any written, photographic or electronic representation, and any copy thereof, including, but not limited to, computer tapes and/or disks, videotapes and other material relating to the subject matter of the claim.

"Person" shall include in its meaning a partnership, joint venture, corporation, association, trust or any other kind of entity, as well as a natural person.

"Public Entity" shall refer to the Township of AnyTown along with any agent, official or employee of the Township of AnyTown against whom a claim is asserted by the Claimant.

NOTE that the questions are divided into sections relating to the claimant, the claim, property damage, personal injury and the basis for the claim against the public entity or a public employee.

If the claim involves only property damage, then the portion on personal injuries need not be answered. Just enter as the answer to Question 12 "No personal injuries claimed."

If the claim involves no property damage, then the portion on property damage need not be answered. Just enter as the answer to Question 11 "No property damage claimed."

## INFORMATION ON THE CLAIMANT

1.  Provide the following information with respect to the Claimant:

    a.  Any other name by which the Claimant has been known.

    N/A

    b.  Address at the time of the incident giving rise to the claim.

    101 Hope Road, Tinton Falls, NJ  07724

    c.  Marital Status  [at the time of the incident and current]

    Married

    d   Identify each person residing with the claimant and the relation, if any, of the person to the Claimant.

    Maureen Forsman – Spouse
    Peter Joseph Forsman Jr. (Joe) – Son
    Genevieve Forsman – Daughter
    Daniel Patrick Forsman (Paddy) – Son

2.  Provide all addresses of the Claimant for the last 10 years, the dates of the residence, the persons residing at the addresses at the same time as the Claimant resided at the address and the relation, if any, of the person to the Claimant.

    Residing at below address (owned) since March 1997 (22+ years):
    101 Hope Road
    Tinton Falls, NJ 07724
    My children and wife have lived here with me at all times

INFORMATION ON ALL CLAIMS

3. Provide the exact date, time and place of the incident forming the basis of the claim and the weather conditions prevailing at the time.

May 24, 2019                     11:16 pm
Little Silver, New Jersey
Near intersection of Harding Road and Rumson Road

4. Provide the Claimant's complete version of the events that form the basis of the claim.

Serqeant Dykstra of the Fair Haven Police Department claimed Mr. Forsman struck him with his car door, and arrested Forsman for simple assault. Sergeant Dykstra and Officer Lorensen of the Little Silver PD used a compliance hold while arresting Mr. Forsman which was completely uncalled for. As a result, Mr. Forcman suffered severe pain and injury to his shoulder.

Sqt. Dykstra and Officer Lorensen pulled, twisted, and wrenched Mr. Forsman's arm using an unsanctioned compliance hold, while unlawfully arresting Mr. Forstman - not only on baseless charges, but outside of Sgt. Dykstra's jurisdiction

5. List any and all individuals who were witnesses to or who have knowledge of the facts of the incident which gave rise to the claim. Provide the full name and address of each individual.

Chris Meyer - 107 Cloverdale Circle, Tinton Falls, NJ 07724
Officer Michael Volker - Fair Haven Police Department
Officer William Lagrotteria - Fair Haven Police Department

6. Identify all public entities or public employees [by name and position] alleged to have caused the injury or property damage and specify as to each public entity or employee the exact nature of the act or omission alleged to have caused the injury or property damage.

Sqt. Dykstra and Officer Lorensen

7. If you claim that the injury or property damage was caused by a dangerous condition of property under the control of the public entity, specify the nature of the alleged dangerous condition and the manner in which you claim the condition caused the injury.

N/A

8. If you allege a dangerous condition of public property, state the specific basis on which you claim that the public entity was responsible for the condition and the specific basis and date on which you claim that the public entity was given notice of the alleged dangerous condition. Statements such as "should have known" and "common knowledge" are insufficient.

N/A

9. If you or any other party or witness consumed any alcoholic beverages, drugs or medications within twelve (12) hours before the incident forming the basis of the Claim, identify the person consuming the same and for each person (a) what was consumed (b) the quantity thereof (c) where consumed (d) the names and addresses of all persons present.

Peter Forsman - 2 glasses of wine with dinner at Barnacle Bill's Restaurant

10. If you have received any money or thing of value for your injuries or damages from any person, firm or corporation, state the amounts received, the dates, names and addresses of the payors. Specifically list any policies of insurance, including policy number and claim number, from which benefits have been paid to you or to any person on your behalf, including doctors, hospitals or any person repairing damage to property.

N/A

11. If any photographs, sketches, charts or maps were made with respect to anything which is the subject matter of the claim, state the date thereof, the names and addresses of the persons making the same and of the persons who have present possession thereof. Attach copies of any photographs, sketches, charts or maps.

See attached.

12. If you or any of the parties to this action or any of the witnesses made any statements or admissions, set forth what was said; by whom said; date and place where said; and in whose presence, giving names and addresses of any persons having knowledge thereof

N/A

13. State the total amount of your claim and the basis on which you calculate the amount claimed.

To be determined. Mr. Forsman's losses and pain/suffering are continuing.

14. Provide copies of all documents, memoranda, correspondence, reports [including police reports], etc. which discuss, mention or pertain to the subject matter of this claim.

See attached.

15. Provide the names and addresses of all persons or entities against whom claims have been made for injuries or damages arising out of the incident forming the basis of this claim and give the basis for the claim against each.

Sqt. Dykstra and Officer Lorensen
Fair Haven Police Department
Little Silver Police Department

## PROPERTY DAMAGE CLAIMS

16. If your claim is for property damage, attach a description of the property damage and an estimate of the costs of repair. If your claim does not involve any claim for property damage, enter "None".

<div align="center" style="color:blue">N/A</div>

———————  If your claim is for property damage only, initial here and proceed directly to page 11 and sign the Certification.

PERSONAL INJURY CLAIMS

17. Was any complaint made to the public entity or to any official or employee of the public entity. State the time and place of the complaint and the person or persons to whom the complaint was made.

Mr. Forsman told Sgt. Dykstra that he was hurting him, which Sgt. Dykstra wholly disregarded.

18. Describe in detail the nature, extent and duration of any and all injuries.

Mr. Forsman suffered severe injuries to his left shoulder as a result of Sqt. Dykstra's unlawful use of excessive force. He has since been treated by an orthopedic specialist, and has been in physical therapy. Surgical intervention may be necessary to repair his shoulder injury. In addition. Mr. Forsman suffered an injury to his right wrist. This injury continues to cause significant pain.

19. Describe in detail any injury or condition claimed to be permanent.

Even with treatment and possible surgical intervention, Mr. Forsman has and will continue to suffer from substantial shoulder pain. The doctor (Dr. Lopez) treating Mr. Forsman has no idea when or if the pain in the right wrist will subside. It is described as significant nerve damage that may or may not respond to treatment.

20. If confined to any hospitals, state name and address of each and the dates of admission and discharge. Include all hospital admissions prior to and subsequent to the alleged injury and give the reason for each admission.

Riverview Medical Center Red Bank, NJ                    5/24/19

Emergency Physician Ass. 3585 Ridge Park Dr., Akron OH            5/25/19

Dr. David Lopez, 200 White Road, Little Silver, NJ       6/3/19, 7/24/19, ongoing

21. If x-rays were taken, state (a) the address of the place where each was taken (b) the name and address of the person who took them (c) the date when each was taken (d) what each disclosed (e) where and in whose possession they now are. Include all x-rays, whether prior to or subsequent to the alleged injury forming the basis of the claim.

X Rays by Riverview Medical Center Staff on 5/25/19
X Rays by Dr. David Lopez on 6/3/19 in his office at 200 White Road, Little Silver, NJ 07739.
University Radiology – Shoulder MRI – 8/7/19 – UR and Dr. Lopez have the scans. Will get report on MRI on 8/26/19

22. If treated by doctors, including psychiatrists or psychologists, state (a) the name and present address of each doctor (b) the dates and places where treatments were received (c) the nature of the treatment (d) the date of last treatment or, if treatments are continuing, the schedule of continuing treatments  Provide true copies of all written reports rendered to you or about you by any doctors whom you propose to have testify on your behalf.

All treatments at this time are by Dr. Lopez
Dates:
6/3; 7/24; 8/26

23. If you have any physical impairment which you allege is caused by the injury forming the basis of your claim and which is affecting your ordinary movements, hearing or sight, state in detail the nature and extent of the impairment and what corrective appliances, support or device you use to overcome or alleviate the impairment.

Mr. Forstman's shoulder and wrist are in pain and he continues to suffer.
The shoulder pain is constant, the wrist is intermittent. Mr. Forsman is still waiting for his doctor to determine the best course moving forward (surgery or rehab.)

24. If you claim that a previous injury has been aggravated or exacerbated, describe the injury and give the name and present address of each doctor who treated you for the condition, the period during which treatment was received and the cause of the previous injury. Specifically list any impairment, including use of eyeglasses, hearing aid or similar device, which existed at the time of the injury forming the basis of the claim.

Left shoulder was diagnosed with a "tear" on or around May of 1993. In addition, the shoulder was very loose and was coming out of the socket under certain sporting (basketball, volleyball, etc.) activities. Dr. Franklin Joab (deceased) was the physician treating Mr. Forsman at the time. Address was in Marina Del Rey, CA. Dr. Joab suggested either surgery or rehab at the time. I chose rehab. Although the shoulder occasionally did cause me pain, my shoulder never came out of the socket again until May 24, 2019.

25. If any treatments, operation or other form of surgery in the future has been recommended to alleviate any injury or condition resulting from the incident which forms the basis of the claim, state in detail (a) the nature and extent of the treatment, operation or surgery (b) the purpose thereof and the results anticipated or expected (c) the name and address of the doctor who recommended the treatments, operation or surgery (d) the name and address of the doctor who will administer or perform the same (e) the estimated medical expenses to be incurred (f) the estimated length of time of treatments, operation or surgery, period of hospitalization and period of convalescence (g) all other losses or expenditures anticipated as a result of the treatments, operation or surgery (h) whether it is your intention to undergo the treatments, operation or surgery and the approximate date.

Should know on or around 8/26/19 what Dr. Lopez suggest as treatment moving forward. That would include rehab or surgery. Mr. Forsman be taking his doctor's advice as to best course moving forward.

26. Itemize any and all expenses incurred for hospitals, doctors, nurses, x-rays, medicines, care and appliances and indicate which expenses were paid by any insurance coverage.

Riverview Medical Center  $739.50
Emergency Physician Assoc. $1143
Dr. David Lopez $3000+ (treatment ongoing)

27. If employed at the time of the alleged injury forming the basis of the claim state (a) the name and address of the employer (b) position held and the nature of the work performed (c) average weekly wages for the year prior to the injury (d) period of time lost from employment, giving dates (e) amount of wages lost, if any.  List any sources of income continuation or replacement, including, but not limited to, worker's compensation, disability income, social security and income continuation insurance.

N/A

28. If other loss of income, profit or earnings is claimed, state (a) total amount of the loss (b) give a complete detailed computation of the loss (c) the nature and dates of loss.

N/A

29. If you are claiming lost wages state (a) the date that the employment began (b) the name and address of the employer (c) the position held and the nature of the work performed (d) the average weekly wages. Attach copies of pay stubs or other complete payroll record for all wages received during the past year.

N/A

DOCUMENT REQUEST:    Produce all documents identified in your answers to the above questions.

CERTIFICATION

I hereby certify that the information provided is the truth and is the full and complete response to the questions, to the best of my knowledge.

_____
Signature of Claimant
Peter J. Forsman

Dated: _____

## AUTHORIZATION FOR RELEASE OF
## MEDICAL AND HOSPITAL RECORDS

TO: _____          Date _____

_____

_____

RE: **Peter J. Forsman**
_____
Patient's Name

**101 Hope Road, Tinton Falls, NJ 07724**
_____
Address

_____

**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**
_____
Social Security Number

_____
Claim Number

You are hereby authorized and requested to disclose, make available and furnish to:

all information, records, x-rays, reports or copies thereof relating to my examination, consultation, confinement or treatment and to permit him or her to inspect and make copies or abstracts thereof.

Approximate date of admission to hospital, first examination, treatment or consultation:

A photocopy of this release form, bearing a photocopy of my signature, shall constitute your authorization for the release of the information in accordance with the request made to you.

_____

**Peter J. Forsman**

Notice of Tort Claim 92L10                                    Page 12.

Dillon J. McGuire
Associate
dmcguire@pashmanstein.com
Direct: 201.488.0930



PashmanStein
WalderHayden
A Professional Corporation

August 22, 2019

*Received By*

*(signature)*

**VIA HAND DELIVERY**
Administrator
Borough of Little Silver
480 Prospect Avenue
Little Silver, New Jersey 07739

*Kim Jungfor*
*Boro Adm.*

Re:   Claimant:  **Peter Forsman**
        Date of Incident:  **May 24, 2019**

Dear Sir/Madam:

This office represents the Claimant, Peter Forsman, in the above referenced matter. Enclosed herein please find a Notice of Claim we are filing on his behalf.

If you have any questions, or require additional information, please do not hesitate to contact me.

Very truly yours,

*(signature)*

DILLON J. MCGUIRE

DJM/ch
Enclosure (as noted)

cc:  Peter Forsman

Court Plaza South
21 Main Street, Suite 200
Hackensack, NJ 07601

Phone:  201.488.8200
Fax:  201.488.5556
www.pashmanstein.com

Dillon J. McGuire
Associate
dmcguire@pashmanstein.com
Direct: 201.488.0930



PashmanStein
WalderHayden
A Professional Corporation

August 22, 2019

*received by*
*Betty Ann Berube*
Betty Ann Berube 8/22/19

**VIA HAND DELIVERY**
Administrator
Borough of Fair Haven
748 River Road
Fair Haven, New Jersey 07704

Re:    **Claimant: Peter Forsman**
        **Date of Incident: May 24, 2019**

Dear Sir/Madam:

    This office represents the Claimant, Peter Forsman, in the above referenced matter. Enclosed herein please find a Notice of Claim we are filing on his behalf.

    If you have any questions, or require additional information, please do not hesitate to contact me.

        Very truly yours,

        Dillon J. McGuire
        DILLON J. MCGUIRE

DJM/ch
Enclosure (as noted)

cc: Peter Forsman

Court Plaza South    |  Phone: 201.488.8200
21 Main Street, Suite 200  |  Fax: 201.488.5556
Hackensack, NJ 07601    |  www.pashmanstein.com